JUDGE RAKOFF

15 CV 02741

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

**LARRY SAMMS**

                       **Plaintiff,**

     **-against-**

**ABRAMS, FENSTERMAN,
FENSTERMAN, EISMAN, FORMATO,
FERRARA &WOLF, LLP**

                       **Defendant.**

**Case No.:** _____



-----------------------------------------------------------------X

## ORIGINAL COMPLAINT

    Plaintiff Larry Samms brings suit against Defendant Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, a debt collection law firm, for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, N.Y. Gen. Bus. Law § 349 *et seq*, and New York Judiciary Law § 487, and in support would show as follows.

## A. JURISDICTION AND VENUE

1.    The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA"). Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant issues of federal law under the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.    Venue in this District is proper because all or a substantial part of the events or omissions

1

giving rise to their claims occurred in Bronx County, New York.

### B.   PARTIES

3.     Plaintiff LARRY SAMMS is an individual residing in Bronx County, New York.

4.     Defendant ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA &WOLF, LLP  is a limited liability partnership organized under the laws of the State of New York. Said Defendant engages in business in New York. This suit arose out of said Defendant's business in New York.

### C.  STATEMENT OF FACTS

5.     Mr. Larry Samms is 65 years old, disabled, and low-income. He lives on a limited, fixed income of social security and disability payments.

> *a.  Defendant filed and maintained a debt collection lawsuit in an improper county.*

6.     Mr. Samms resides at 835 Jennings Street, Bronx, New York 10459, in Bronx County, and has for over 30 years.

7.     On or about April 9, 2014, Bishop Charles W. Maclean Episcopal Nursing Home ("the nursing home") electronically filed a summons and verified complaint through its debt collection law firm Defendant Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP ("Defendant" or "Abrams") against now-Plaintiff Mr. Samms. The collections lawsuit was captioned: *Bishop Charles W. Maclean Episcopal Nursing Home v. Larry Samms*, Index No. 55343/2014 (Westchester County)(the "collections lawsuit"). That lawsuit is attached as Exhibit A, and is incorporated by reference in its entirety.

8.     The suit alleged Mr. Samms owed a debt regarding his stay at a nursing home. As such, the putative obligation was one alleged to have been incurred primarily for "personal, family, or household purposes," and thus is a "debt" governed by the FDCPA pursuant to 15 U.S.C. §

2

1692a(5).

9.      In the summons in the collections lawsuit, Abrams based the venue on an assertion that Mr. Samms' residence was the "Royal Regency Hotel, 165 Tuckahoe Road Yonkers, New York 10710."

10.     The Royal Regency Hotel was not Mr. Samms' residence. For more than 30 years, Mr. Samms resided (and still resides) in his home in the Bronx.  Mr. Samms only stayed at the Royal Regency Hotel in Yonkers briefly in 2013.

11.     Had Abrams performed a meaningful attorney review of Mr. Samms' account prior to filing suit it would have realized Mr. Samms' correct county of residence, assuming the filing of suit in a distant venue was not intentional.

12.     Even if Abrams did not know that it had filed suit in a distant forum, Abrams certainly was on actual notice of the same when it received the return of the affidavit of service. *See* Exhibit B.  On or about June 27, 2014, Abrams's own process server executed an affidavit of service in the collections lawsuit, averring service of the summons and complaint on June 26, 2014, by affixing to the door and mailing to Mr. Samms' "*residence*," 835 Jennings Street, *Bronx,* NY 10459 – the correct address where Mr. Samms resided for more than 30 years. Abrams indeed used the affidavit of service in moving for default judgment against Mr. Samms.

13.     Abrams received the affidavit of service from the process server clearly stating that Mr. Samms resided in the Bronx and had actual knowledge that Mr. Abrams resided in the Bronx County. Despite this actual knowledge, Abrams entered default judgment against Mr. Samms in Westchester County.

14.     Moreover, on September 2, 2014, Abrams signed an application for default judgment. In the application, Abrams acknowledged that Mr. Samms resided in Bronx County, and yet still

moved to enter judgment in Westchester County. *See* Exhibit C, which is incorporated by reference. The clerk entered judgment on September 15, 2015 for $24,532.50.

15.     In other words, Abrams indisputably had actual knowledge that Mr. Samms lived in Bronx County rather than Westchester County, and despite that, moved to enter and obtained a default judgment against Mr. Samms in Westchester County.

16.     By filing the collection lawsuit in Westchester County, Abrams made it more difficult for Mr. Samms to defend the collection action, particularly given his physical limitations.

17.     Mr. Samms is disabled and suffers from a medical condition known as elephantiasis. As a result of his elephantiasis, Mr. Samms' legs balloon to enormous sizes. Consequently, Mr. Samms weighs approximately 400 pounds. His legs must be continuously bandaged to attempt to control the massive swelling brought on by the disease. Mr. Samms regularly has sores in his legs, oozing puss, which requires regular bandage changes.

18.     Mr. Samms is largely bedridden. To the degree he is able to travel, Mr. Samms requires a wheelchair. It takes four adult men to physically lift Mr. Samms from his second floor residence to bring him downstairs and outside.

19.     Mr. Samms does not have a car. He does not drive. Mr. Samms had to pay for his son to rent a car to drive him to court in Westchester County in order to defend himself from the distant forum collection lawsuit. Mr. Samms' son works two jobs, and would have to miss work in order to drive his father to the Westchester County Court.

20.     Congress recognized that a debt collector filing suit in a distant venue is inherently an abusive debt collection practice and barred the practice. Specifically, a debt collector is barred

4

from filing suit in a venue other than where the consumer resided at the time of suit or where the consumer signed to contract for the debt sought to be enforced. 15 U.S.C. 1692(i)[1].

21.     On or about September 29, 2014, Mr. Samms filed a *pro se* order to show cause to vacate the default judgment.  The application again notified Abrams that Mr. Samms' residence was in Bronx County.

22.     On or about October 7, 2014, Hon. Mary H. Smith of the Supreme Court of the State of New York, IAS Part, Westchester County granted Mr. Samms' application and vacated the default judgment.

23.     However, despite again being placed on actual notice that it had filed suit in a distant venue,  Abrams did not dismiss and refile in the proper county, nor move to transfer venue to the proper county.

24.     Instead, Abrams forced Mr. Samms to incur the time, expense, and distress of moving to transfer venue.

25.     On or about December 14, 2014 Mr. Samms filed an answer *pro se* in the collections lawsuit, asserting general denials and affirmative defenses based on improper venue, lack of jurisdiction and improper service.

26.     On or about December 15, 2014 Mr. Samms filed a *pro se* demand pursuant to CPLR 511(b) to try the action in Bronx County.

27.     Mr. Samms was forced to retain attorney to represent him in the collections suit and to file a motion to transfer venue to Bronx, and became contractually obligated to pay attorney's fees and costs.

---

1 The nursing home was also not located in Westchester, where suit was filed, but rather in Queens.  Any contract for services would have been signed in Queens. In any case, Mr. Samms has no recollection of signing a contract for nursing home services, nor does the collections lawsuit allege Mr. Samms signed any such agreement.

28.     On or about December 14, 2014 Samms filed an answer *pro se* in the collections lawsuit, asserting general denials and affirmative defenses based on improper venue, lack of jurisdiction and improper service.

29.     On or about, February 2, 2015, Mr. Samms served a demand in the collections lawsuit to change the place of trial from Westchester County to Bronx County.

30.     On or about February 19, 2015, Hon. Mary H. Smith of the Supreme Court of the State of New York, IAS Part, Westchester County granted Samms' demand to change the place of trial and ordered the collection lawsuit transferred to Supreme Court, Bronx County.

31.     The collections lawsuit is still pending in Supreme Court, Bronx County

        *b. Seeking to collect amounts not expressly authorized by law or contract.*

32.     Abrams also sought to collect amounts from Mr. Samms not expressly authorized by law or contract, and by otherwise misrepresenting the amount allegedly owed.

33.     Abrams brought a two-count complaint.

34.     Abrams did not allege the nursing home had a contract with Mr. Samms, much less that Mr. Samms breached such a contract.

35.     Instead, Abrams apparently brings the first count against Mr. Samms merely for quantum meruit. The first count alleges Mr. Samms "accepted services rendered by" the nursing home; the nursing home "always had an expectation of receiving payment from [Mr. Samms] for the care and services it rendered to her [sic]"; and "by reason of the care and services rendered… there remains a due and owing… sum of $21,000.00."[2] See Exhibit A, Verified Complaint ¶¶ 4-7.

---

2 Under New York law, a party may recover in quantum meruit in the absence of a written contract covering services performed upon showing " '(1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed' " *Precision Founds. v. Ives*, 4 A.D.3d 589, 591, 772 N.Y.S.2d 116 [2004], *quoting Clark v. Torian*, 214 A.D.2d 938, 938, 625 N.Y.S.2d 370 [1985].

36.     Abrams' second count was that Mr. Samms "has been unjustly enriched as a result of receiving care and services from [the nursing home] without making payment therefor." *Id.* ¶ 7.

37.     The Verified Complaint "demands judgment against [Mr. Samms for ]... attorney's fees of this action.

38.     However, attorney's fees are not recoverable under New York law for quantum meruit or unjust enrichment.[3] Therefore, by demanding a judgment that includes attorney's fees, Abrams violated the FDCPA, by seeking to collect any fee or charge not expressly allowed by contract or law, among other provisions.

39.     Finally, it is almost inconceivable that the value of services rendered to Mr. Samms was exactly $22,000.00 – not a penny more, not a penny less.  Given that Mr. Samms actually had coverage that covered nursing home care, any amount due would be relatively small, if not close to zero.

### D.   COUNT # 1: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); *see also Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial

---

3 There appears to be little difference between quantum meruit or unjust enrichment in New York Law, but neither allow for the recovery of attorney's fees. *See Leibowitz v. Cornell Univ.*, 584 F.3d 487, 509 (2d Cir. 2009).

scope.").

42.      Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." *See* S. Rep. No. 382, 95th Con., 1st Sess. 5, ("[t]he committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008) ("[i]n this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.").

43.      The obligation allege to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) because the putative credit card debt was incurred primarily for family, personal or household purposes.

44.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because Plaintiff was alleged to owe a "debt."

45.      Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) because its principal purpose is the collection of debts and/or they regularly attempt to collect debts, directly or indirectly.

46.      Defendant is a law firm that collects debt by filing hundreds of collection lawsuits seeking to collect putative medical debts, including putative nursing home debts.

47.      On information and belief, Defendant also sends out hundreds of collection letters seeking to collect putative medical debts, including putative nursing home debts.

48.      The actions of Defendant enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the

meaning of the FDCPA.

49.    Defendant violated the following sections of the FDCPA: 15 U.S.C. §§ 1692e, 1692f, and 1692i.  By way of example and not limitation Defendant violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; threatening to take and actually taking an action prohibited by law; using any false, deceptive or misleading representations or means; using unfair or unconscionable means; collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and bringing a legal action against a consumer in a judicial district or similar legal entity other than in which the consumer signed the contract sued upon or in which such consumer resides at the commencement of the action.

### E.    NEW YORK GENERAL BUSINESS LAW SECTION 349 ET SEQ.

50.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

51.    New York General Business Law Section 349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state..."

52.    An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both." N.Y. Gen. Bus. Law § 349(h).

53.     As enumerated above, Defendant violated N.Y. Gen. Bus. Law § 349 et seq. by using deceptive acts and practices in the conduct of their businesses. This includes commencing a collections lawsuit in a county other than the consumer's county of residence, making it difficult for the consumer to defend the action.

54.     Defendant's conduct has a broad impact on consumers at large. Indeed, the CPLR § 513(a) requirement that the court clerk reject a summons for filing when it "appears upon its face that the proper venue is a county other than the county where such summons is offered for filing" is intended to protect consumers from being sued in improper venues. Further, New York implements specific venue rules in consumer credit transactions to ensure that consumers are only sued in their county of residence. *See* CPLR 503(f). Defendant's conduct and misrepresentations impact the consumers in the state of New York who are supposed to be protected by the State's rules of civil procedure.

55.     Further, a review of other medical debt collection lawsuits filed by Abrams demonstrates that Abrams has filed suits against consumers other than Mr. Samms demanding judgment that includes attorney's fees when the claims were limited to claims that did not allow for recovery for attorney's fees, such as quantum meruit and unjust enrichment.

56.     Defendant committed the above described acts willfully and/or knowingly.

57.     Defendant's wrongful and deceptive acts caused injury and damages to Plaintiff.

58.     As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 et seq, Plaintiff suffered compensable harm and is entitled to preliminary and permanent injunctive relief, as to recover actual and treble damages, costs and attorney's fees.

### F.   NEW YORK JUDICIARY LAW § 487 *ET SEQ*

59.     New York Judiciary Law § 487 creates a private right of action against an attorney or

counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

60.     Defendant violated § 487 by their misrepresentation to the court and to Mr. Samms. Specifically, Defendant represented that Mr. Samms resided in Westchester County when they knew he resided in Bronx County. Defendant further demanded judgment for attorney's fees when they had no right to attorney's fees.

61.     Defendant made this misrepresentations for the purposed of deceiving the court into accepting jurisdiction over the suit and deceiving Plaintiff into believing he had to defend the action in a county in which he did not reside. Likewise, the purpose of this misrepresentation was to make it more difficult for Plaintiff to defend himself in the underlying lawsuit and to allow Defendant to collect. Similarly, Defendant made the representation as to being able to obtain judgment including attorney's fees for the purpose pressuring Mr. Samms to pay more than he was legally obligated.

62.     The violations of § 487 by Defendant inflicted damages, for the reasons and in the manner previously indicated.

63.     Plaintiff is entitled to actual damages, treble damages, and attorneys' fees and costs for the violations of N.Y. Judiciary Law § 487 by Defendant, and Plaintiff so seeks.

### G.   JURY DEMAND.

64.     Plaintiff demands a trial by jury.

### H.   PRAYER

65.     WHEREFORE, Plaintiff requests the following relief:

a.     A declaration Defendant has committed the violations of law alleged in this action;

b.     An order enjoining and directing Defendant to cease violating G.B.L. § 349 *et seq.*;

c.    Statutory damages under 15 U.S.C. § 1692k;

d.    An order awarding disbursements, costs, and attorneys' fees;

e.    A judgment for actual, statutory, treble, and exemplary damages;

f.    Prejudgment and post judgment interest as allowed by law;

g.    All other relief, in law and in equity, both special and general, to which Plaintiff may be

       justly entitled.

Dated:  Brooklyn, New York
         April 8, 2015

                              Respectfully submitted,


                              Ahmad Keshavarz
                              The Law Office of Ahmad Keshavarz
                              16 Court St., 26th Floor
                              Brooklyn, NY 11241-1026
                              Phone: (718) 522-7900
                              Fax:    (877) 496-7809
                              Email: ahmad@NewYorkConsumerAttorney.com

# EXHIBIT A

FILED: WESTCHESTER COUNTY CLERK 04/09/2014

NYSCEF DOC. NO. 1

INDEX NO. 55343/2014

RECEIVED NYSCEF: 04/09/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-------------------------------------------------------------X

BISHOP CHARLES W. MACLEAN EPISCOPAL
NURSING HOME,

Index No.

                                        *Plaintiff,*          **SUMMONS**

        -against-

LARRY SAMMS,                                         *Basis of Venue:*
                                                     Defendant's Residence
                                                     ROYAL REGENCY HOTEL
                                        *Defendant.*  165 Tuckahoe Road
-------------------------------------------------------------X   Yonkers, New York 10710

TO THE ABOVE NAMED DEFENDANT:

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons,
exclusive of the date of service (or within thirty (30) days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated: March 17, 2014
        Lake Success, NY

Defendant's Address:                    ABRAMS, FENSTERMAN, FENSTERMAN,
                                        EISMAN, FORMATO, FERRARA
LARRY SAMMS                             & WOLF, LLP
ROYAL REGENCY HOTEL                     *Attorneys for Plaintiff*
165 Tuckahoe Road                       By: Melanie I. Wiener, Esq.
Yonkers, New York 10710                 *Pursuant to 22 NYCRR § 130-1.1*
                                        1111 Marcus Ave., Suite 107
                                        Lake Success, NY 11042
                                        516-328-2300
                                        *File No.: 98620.13162*

**"Please be advised that this firm is a debt collector and this is an attempt to collect a debt. Any
information obtained will be used for that purpose."**

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP
1111 Marcus Ave. - Suite 107
Lake Success, NY 11042-1034
Tel No (516) 328-2300
File No 98620 13162

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

BISHOP CHARLES W. MACLEAN EPISCOPAL
NURSING HOME,

                              Plaintiff,

                -against-

LARRY SAMMS,

                              Defendant.
-----------------------------------------------------------------X

Index No.


**VERIFIED COMPLAINT**

Plaintiff by its attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, complaining of the Defendant, above named, respectfully sets forth and alleges:

1.   At all times hereinafter mentioned, Plaintiff, BISHOP CHARLES W. MACLEAN EPISCOPAL NURSING HOME ("BISHOP CHARLES") was a not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York, and is engaged in the business of providing skilled nursing home care services, at the premises located at 17-11 Brookhaven Avenue, Far Rockaway, New York 11691.

2.   That LARRY SAMMS ("DEFENDANT") resides ROYAL REGENCY HOTEL, 165 Tuckahoe Road, Yonkers, New York 10710.

                **AS AND FOR A FIRST CAUSE OF ACTION**

3.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "2" above with the same force and effect as if same were more fully set forth at length herein.

4.   During the time period of February 26, 2013 through August 26, 2013, BISHOP CHARLES provided room, board and skilled nursing care services for the DEFENDANT.

5.   The DEFENDANT accepted the care and services rendered by BISHOP CHARLES.

6.   BISHOP CHARLES always had an expectation of receiving payment from the DEFENDANT for the care and services it rendered to her.

7.   By reason of the care and services rendered by BISHOP CHARLES to the DEFENDANT, there remains due and owing to BISHOP CHARLES, from the DEFENDANT, the sum of $21,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

8.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "7" above with the same force and effect as if same were more fully set forth at length herein.

9.   The DEFENDANT has been unjustly enriched as a result of receiving care and services from BISHOP CHARLES without making payment therefor.

10.  By reason of his unjust enrichment, the DEFENDANT is liable to BISHOP CHARLES for the sum of $21,000.00.

WHEREFORE, BISHOP CHARLES  demands judgment against the DEFENDANT as follows:

(a)   Judgment on the First Cause of Action, in the amount of $21,000.00, plus interest from February 26, 2013;

(b)   Judgment on the Second Cause of Action, in the amount of $21,000.00, plus interest from February 26, 2013; and

(c)   The cost, disbursements and attorneys' fees of this action, together with such other and further relief as this Court may deem just, proper, and equitable.

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP
1111 Marcus Ave - Suite 107
Lake Success, NY 11042-1034
Tel No (516) 328-2300
Fax No 98620 13163

Dated: March 17, 2014
      Lake Success, NY

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA
& WOLF, LLP
*Attorneys for Plaintiff(s)*
By: Melanie I. Wiener, Esq.
*Pursuant to 22 NYCRR § 130-1.1*
1111 Marcus Ave., Suite 107
Lake Success, NY 11042
516-328-2300
*File No.: 98620.13162*

"Please be advised that this firm is a debt collector and this is an attempt to collect a debt. Any information obtained will be used for that purpose."

<u>**VERIFICATION**</u>

STATE OF NEW YORK   )
                                              )   ss.:
COUNTY OF QUEENS   )

_MICHAEL BIDERMAN_____, being duly sworn, deposes and says (s)he is an
_ADMINISTRATOR_____ of  BISHOP CHARLES W. MACLEAN
EPISCOPAL NURSING HOME, the above named Plaintiff, which is a limited liability corporation
created under, and by virtue of the laws of the State of New York; (s)he has read the foregoing
VERIFIED COMPLAINT and the same is true to the knowledge of the deponent except as to the
matters therein stated to be alleged on information and belief, and as to those matters (s)he believes
it to be true.

Dated:   1ˢᵗ  April_____, 2014

                                                     BISHOP CHARLES W. MACLEAN
                                                     EPISCOPAL NURSING HOME
                                        BY:   _____

                                                 _Michael Biderman_____
                                                                                    (Print Name)
                                                 _Administrator_____
                                                                                    (Title)

STATE OF NEW YORK, COUNTY OF QUEENS:

On the 1ˢᵗ day of _APRIL_____, 2014, before me personally came _Michael Biderman_, to me
known, who, by me duly sworn, did depose and say that deponent has an office at 17-11 Brookhaven Avenue, Far
Rockaway, New York 11691, that deponent is an _____ of BISHOP CHARLES W. MACLEAN
EPISCOPAL NURSING HOME, the corporation described in, and which executed the foregoing Verified Complaint,
that deponent knows the seal of the corporation, that the seal affixed to this Affidavit is the corporate seal, that it was
affixed by order of the board of the corporation; and that deponent signed deponent's name by like order.

                                                 _____
                                                 _Notary Public_

Corporate Seal                                  **MARY A. BARKER**
                                                 **NOTARY PUBLIC-STATE OF NEW YORK**
                                                 **No. 01BA6257751**
                                                 **Qualified in Queens County**
                                                 **My Commission Expires March 19, 2016**

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP
1111 Marcus Ave - Suite 107
Lake Success, NY 11042-1014
Tel No. (516) 328-2300
File No. 91670-13162

# EXHIBIT B

FILED: WESTCHESTER COUNTY CLERK 06/27/2014
NYSCEF DOC. NO. 3

INDEX NO. 55343/2014
RECEIVED NYSCEF: 06/27/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

**AFFIDAVIT OF SERVICE**



*6911*

Index no : 55343/2014
Attorney: ABRAMS, FENSTERMAN, ET AL
WitnessFee: 0.00
Hearing Date:
Date Index Number Purchased: 04/09/2014

| | |
|---|---|
| Plaintiff(s): | BISHOP CHARLES W. MACLEAN EPISCOPAL NURSING HOME |
| Defendant(s): | LARRY SAMMS |

STATE OF NEW YORK
QUEENS      ss.:

ERIC AVERBACH , the undersigned, being duly sworn, deposes and says that I was at the time of service over the age of eighteen and not a party to this action. I reside in the State of New York.

On 06/26/2014 at 6:50 PM, deponent served the within NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT on LARRY SAMMS at 835 JENNINGS STREET, BRONX , NY 10459 by affixing the aforementioned documents to the door of LARRY SAMMS's said residence, since admittance could not be obtained upon reasonable application or a person of suitable age and discretion found who would receive same.

Deponent made prior efforts to effect personal service upon LARRY SAMMS at the aforementioned address to wit: 06/26/2014 at 6:50 PM

Deponent spoke with KEN BOOKER, , who stated to deponent that said Defendant lived there, and had no knowledge of the place of employment of the Defendant.

I asked the person spoken to whether Defendant(s) was in the active military service or financially dependent upon any one who is in the military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and belief are the conversations above narrated. Upon information and belief I aver that the recipient is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

On 06/27/2014, deponent enclosed a copy of same in a first class postpaid envelope bearing the words "Personal & Confidential" properly addressed to defendant and defendant's last known residence, at 835 JENNINGS STREET, BRONX , NY 10459 and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant.

Comments: ATTEMPTS INCLUDE 6-12-14 7:32 NO ANSWER. 6-14-14 16:54 NO ANSWER . 6-26-14 18:50 NO ANSWER .attached green vinyl sided house white. door green painted concrete porch

Sworn to and subscribed before me on 06/27/2014

Donna L. ODriscoll
Notary Public, State of NEW YORK
No. 01OD6126123
Qualified in Nassau County
Commission Expires 4 25, 2017

X
ERIC AVERBACH
License#: 0918927
Maverick Process
647 Franklin Ave Ste 1-R
P.O. Box 142
Garden City ,NY 11530
516-693-1100
Atty File#:

# EXHIBIT C

INDEX NO. 55343/2014

NYSCEF DOC. NO. 7

RECEIVED NYSCEF: 09/15/201

SUPREME       COURT       STATE OF NEW YORK       ●    ● Index No.    55343/14

COUNTY OF       WESTCHESTER

BISHOP CHARLES W. MACLEAN EPISCOPAL NURSING HOME,

Plaintiff(s),

- against -

STATEMENT
FOR
JUDGMENT

LARRY SAMMS,

An action against a natural person
based upon non-payment of a
contractual obligation.†

Defendant(s).

| | | |
|---|---|---|
| Amount claimed in Complaint (basics) | | $21,000 00 |
| Interest   from   February 26, 2013 | | $2,992 50 |
| | | $23,992 50 |
| Costs by Statute | 200 00 | |
| Service of Summons and | 50 00 | |
| Affidavit | | |
| Transcripts and Docketing | | |
| Clerk's Fees entering Judgment | 45 00 | |
| Postage | | |
| Sheriff's Fees on Execution | 35 00 | |
| Satisfaction Piece | | |
| Taxing Costs | | |
| Fee for Index Number | 210 00 | |
| Costs taxed at $ 540.00 | | 540 00 |
| _____Clerk | | |
| | Total _____ | $24,532 50 |

STATE OF NEW YORK,     COUNTY OF     NASSAU

ATTORNEY'S AFFIRMATION

The undersigned, attorney at law of the State of New York

attorney(s) of record for the plaintiff(s) herein, states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount; that the time of the defendant(s) to appear or answer herein has expired and that the said defendant(s) has not appeared or answered herein. The undersigned affirms this statement to be true under the penalties for perjury.

Dated:     September 2, 2014     ABRAMS FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA & WOLF, LLP

By _____

Melanie L. Wiener, Esq.     The name signed must be printed beneath

JUDGMENT entered the  15th  day of  September  2014

The summons and     verified complaint     in this action having been personally served on   LARRY SAMMS

defendant(s) herein and the time of said defendant(s) to appear or answer having expired, and said defendant not having appeared or answered herein

NOW, ON THE MOTION OF   ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA &   attorney(s) for Plaintiff(s) it is,
WOLF, LLP

ADJUDGED that     BISHOP CHARLES W. MACLEAN EPISCOPAL NURSING HOME

residing at   17-11 Brookhaven Avenue, Far Rockaway, New York 11691     plaintiff (s).

do recover of   LARRY SAMMS

residing at   835 Jennings Street, Bronx, NY 10459     defendant (s).

the sum of   $23,992.50     the amount claimed with interest with   $540.00   cost and disbursements, amounting in all to the sum of   $24,532.50

and that the plaintiff(s) have execution therefor     _____Clerk

† A notice of default must be mailed to defendants in an action against a natural person based upon non-payment of a contractual obligation (CPLR 302, as amended). Delete if inapplicable.