UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
LARRY SAMMS,

          Case No.: 1:15-CV-02741-JSR

    Plaintiff,

-against-

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA & WOLF, LLP

    Defendant.
-----------------------------------------------------------------X

### DEFENDANT'S RESPONSE TO FIRST SET OF DISCOVERY REQUESTS

Defendant serves the above referenced discovery response instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

          Respectfully submitted,

          _____
          Anthony Joseph Genovesi, Jr.
          Abrams, Fensterman, Fensterman, Eisman,
          Formato, Ferrara, & Wolf, LLP
          1111 Marcus Avenue, Suite 107
          Lake Success, NY 11042
          Phone: (516) 328-2300
          Fax: (516) 328-6638
          Email: agenovesi@abramslaw.com

Dated:  July 29 , 2015
      Lake Success, NY

AF001

## INTERROGATORIES

1. **Identify all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge. This includes the full legal name for the entities you used to verify the debt which the Plaintiff was alleged to have owed and for the entities you used to attempt to collect the debt which the Plaintiff was alleged to have owed.**

   Defendant objects to that portion of this interrogatory made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2. In response to that portion of the this interrogatory not in violation of Local Civil Rule 33.1 and Case management Plan Section D.2 Defendant responds as follows:

   Michael Biderman, Administrator, Bishop Charles Waldo MacLean Episcopal Nursing Home, doing business at 17-11 Brookhaven Avenue, Far Rockaway, NY 11691.

   Dorothea Myers, Finance Department, Bishop Charles Waldo MacLean Episcopal Nursing Home, doing business at 17-11 Brookhaven Avenue, Far Rockaway, NY 11691.

   Renee Jeffrey, Social Worker, Bishop Charles Waldo MacLean Episcopal Nursing Home, doing business at 17-11 Brookhaven Avenue, Far Rockaway, NY 11691.

   Joanne Eisen, Social Worker, Bishop Charles Waldo MacLean Episcopal Nursing Home, doing business at 17-11 Brookhaven Avenue, Far Rockaway, NY 11691.

   Melanie I. Wiener, associate attorney at AFFE, doing business at 1111 Marcus Avenue, Suite 107, Lake Success, NY 11042.

2. **"Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.**

   Defendant objects this interrogatory on the grounds that it has been made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2.

3. **State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.**

   Defendant objects this interrogatory on the grounds that it has been made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2.

4. **For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for disappearance.**

   Defendant objects to that portion of this interrogatory made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2. In response to that portion of the this interrogatory not in violation of Local Civil Rule 33.1 and Case management Plan Section D.2 Defendant responds as follows:

   **No such documents qualify**

5. **Identify the existence, custodian, location, and general description of relevant documents in this action, including any documents upon which you base your right to see attorney's fees from Mr. Samms in the collection lawsuit.**

   All relevant documents are contained within the collection file against Plaintiff at AFFE within the control of Anthony Genovesi, Jr. and Melanie I. Wiener.

   AFFE does not allege in any of its causes of action against Plaintiff in the collection action that it has a right to attorneys fees.

6. **If you dispute you are a debt collector governed by the FDCPA in this action, what is the basis for your assertion?**

   Defendant objects this interrogatory on the grounds that it has been made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2.

7. **What is the basis for you seeking attorney's fees against Mr. Samms in the collections lawsuit?**

   Defendant objects this interrogatory on the grounds that it has been made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2.

8. **Please itemize the calculation for the amount alleged to be due in the collection lawsuit.**

   Defendant objects this interrogatory on the grounds that it has been made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2.

9. **What is the basis of your Third Affirmative Defense, that any FDCPA violation you may have committed "resulted from good faith reliance upon incorrect information provided by other persons..." Identify each such person. Identify the specific "incorrect information" upon which you base your assertion.**

   Defendant objects this interrogatory on the grounds that it has been made in violation of Local Civil Rule 33.1 and Case management Plan Section D.2.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. There is no collection agreement governing the collection of the alleged debt against Mr. Samms.

2. There are no written contracts that form the basis of the collection action against Mr. Samms.

3. Defendant objects to this demand on the grounds that it seeks discovery on a claim dismissed in the Court's decision of July 7, 2015.

4. Attached hereto as Exhibit "A" are all documents that form the basis for the request for attorneys fees {Production of the documents comprising "Exhibit A" requires a HIPPA authorization from Mr. Samms and such documents will be produced upon our receipt of such authorization. See Privilege Log Assertion #2}

5. Defendant objects to this demand on the grounds that the demand seeks material entirely irrelevant to any claim in this action.

6. AFFE does not allege in any of its causes of action against Plaintiff in the collection action that it is owed attorneys fees.

7. In the event that the Court finds any violation of the FDCPA, Defendant concedes statutory damages in the amount of $1,000 thus rendering unnecessary any discovery on the issue of intent. Defendant objects to this demand on the grounds that this demand seeks material not relevant to any issue in this action and further that such demand is burdensome.

8. In the event that the Court finds any violation of the FDCPA, Defendant concedes statutory damages in the amount of $1,000 thus rendering unnecessary any discovery on the issue of intent. Defendant objects to this demand on the grounds that this demand seeks material not relevant to any issue in this action and further that such demand is burdensome.

9. In the event that the Court finds any violation of the FDCPA, Defendant concedes statutory damages in the amount of $1,000 thus rendering unnecessary any discovery on the issue of intent. Defendant objects to this demand on the grounds that this demand seeks material not relevant to any issue in this action and further that such demand is burdensome.

10. In the event that the Court finds any violation of the FDCPA, Defendant concedes statutory damages in the amount of $1,000 thus rendering unnecessary any discovery on the issue of intent. Defendant objects to this demand on the grounds that this demand seeks material not relevant to any issue in this action and further that such demand is burdensome.

11. In the event that the Court finds any violation of the FDCPA, Defendant concedes statutory damages in the amount of $1,000 thus rendering unnecessary any discovery on the issue of intent. Defendant objects to this demand on the grounds that this demand seeks material not relevant to any issue in this action and further that such demand is burdensome.

12. Attached hereto as "Exhibit A" are all documents relied on when performing a "meaningful attorney review" prior to filing the collection lawsuit against Mr. Samms. {Production of the documents comprising "Exhibit A" requires a HIPPA authorization from Mr. Samms and such documents will be produced upon our receipt of such authorization. See Privilege Log Assertion #2}

13. Attached hereto as Exhibit "C" are all documents relied on when performing a "meaningful attorney review" prior to seeking a default judgment.

14. Attached hereto as "Exhibit D", "Exhibit F" and "Exhibit A" are all documents on which we base our Third Affirmative Defense. {Production of the documents comprising "Exhibit A" requires a HIPPA authorization from Mr. Samms and such documents will be produced upon our receipt of such authorization. See Privilege Log Assertion #2}

15. Attached hereto as "Exhibit E" are all documents relating to the collection lawsuit.

16. Defendant objects to this demand on the grounds that it seeks discovery on a claim dismissed in the Court's decision of July 7, 2015. Defendant also objects to this demand to the extent that it seeks material protected by attorney-client privilege. To the extent that it does not seek privileged material the documents responsive to this request are annexed here to as "Exhibit E".

17. Defendant objects to this demand on the grounds that it seeks discovery on a claim dismissed in the Court's decision of July 7, 2015. To the extent that the demand seeks documents within AFFE's possession, custody or control regarding Plaintiff generally such documents have been attached hereto and are referred to above.

18. Defendant has no contracts of the type sought in this request.

19. Defendant has already produced any insurance policies responsive to this request.

20. In addition to such other documents referenced in initial disclosures which are attached hereto as responsive to other requests addition documents referenced in the inital disclosures are attached as "Exhibit B".

21. Attached hereto as "Exhibit A" are documents upon which AFFE bases its assertion in the collection lawsuit that Mr. Samms resided at "Royal Regency Hotel, 165 Tuckahoe Road, Yonkers, NY." {Production of the documents comprising "Exhibit A" requires a HIPPA authorization from Mr. Samms and such documents will be produced upon our receipt of

such authorization. See Privilege Log Assertion #2}

22. Defendant objects to this demand on the grounds that it seeks discovery on a claim dismissed in the Court's decision of July 7, 2015.

23. Defendant objects to this demand on the grounds that it seeks discovery on a claim dismissed in the Court's decision of July 7, 2015.

24. Defendant objects to this request on the grounds that it seeks privileged attorney work product and attorney client privilege. [See Privilege Log Assertion #1]

25. AFFE does not have documents responsive to this request.

26. AFFE does not have documents responsive to this request.

27. Defendants objects to this demand on the grounds that it is not intelligible. Attached hereto as "Exhibit E" are all documents sent to Mr. Samms by AFFE or received by Mr. Samms by AFFE.

28. AFFE does not have documents responsive to this request.

29. Attached hereto as "Exhibit A" are all documents on which we base our Affirmative Defense, including the Bona Fide Error defense. {Production of the documents comprising "Exhibit A" requires a HIPPA authorization from Mr. Samms and such documents will be produced upon our receipt of such authorization. See Privilege Log Assertion #2}

30. AFFE does not have documents responsive to this request

31. Defendant objects to this demand on the grounds that it seeks discovery on a claim dismissed in the Court's decision of July 7, 2015.

32. AFFE has produced all documents above presently in its possession that it intends to use or introduce into evidence at trial.

33. AFFE does not have documents responsive to this request.

34. Defendant objects to this demand on the grounds that it is not intelligible. AFFE does not have documents responsive to this request

35. AFFE objects to this request on the grounds of relevance.

# REQUESTS FOR ADMISSION

1. You are a debt collector as defined in the FDCPA, 15 U.S.C. §1692 et seq.

   Admits the above.

2. The putative debt was an obligation incurred primarily for family, personal, or household purposes.

   Admits the above.

3. You regularly collect consumer debts alleged to be due to another.

   Admits the above.

4. Mr. Larry Samms is 65 years old, disabled and low-income. He lives on a limited, fixed income of social security and disability payments.

   Denies knowledge or sufficient information sufficient to form a belief as to the truth of the above.

5. Mr. Samms resides at 835 Jenning Street, Bronx, New York 10459 in Bronx County and has for over 30 years.

   Denies the above.

6. Attached as Exhibit A to the Original Complaint is true and correct copy of the collection action AFFE filed against Samms.

   Denies knowledge or sufficient information sufficient to form a belief as to the truth of the above.

7. The suit alleged Mr. Samms owed a debt regarding his stay at a nursing home.

   Admits the above.

8. The debt sought to be collected by AFFE from Samms was incurred primarily for family, personal, or household purposes.

   Admits the above.

9. In the summons in the collection lawsuit, Abrams based venue on an assertion that Mr. Samms' residence was the "Royal Regency Hotel, 165 Tuckahoe Road, Yonkers, NY"

Admits the above.

10. The Royal Regency Hotel was not Mr. Samms' residence when the collection lawsuit was filed or anytime thereafter.

Denies the above.

11. You took no steps to determine the address of Mr. Samms prior to filing the collection lawsuit.

Denies the above.

12. For more than 30 years, Mr. Samms resided (and still resides) in his home in the Bronx.

Denies the above.

13. Mr. Samms only stayed at the Royal Regency Hotel in Yonkers briefly in 2013.

Denies the above.

14. AFFE did not conduct a meaningful attorney review of Mr. Samms' account prior to filing suit in order to determine his place of residence.

Denies the above.

15. Attached as Exhibit B to the complaint in this federal lawsuit is a true and correct copy of the putative affidavit of service in the collection lawsuit.

Denies the above.

16. Attached as Exhibit C to the complaint in this federal lawsuit is a true and correct copy of the application for default judgment in the collection lawsuit.

Denies the above.

17. You reviewed the affidavit of service prior to executing the application for default judgment.

Admits the above.

18. By filing the collection lawsuit in Westchester County, AFFE made it more difficult for Mr. Samms to defend the collection action than if you filed suit in the Bronx.

Denies the above.

19. On or about September 29, 2014, Mr. Samms filed a pro se order to show cause to vacate the default judgment.

Admits the above.

20. The pro se order to show cause notified AFFE that Mr. Samms' residence was in Bronx County.

Denies the above.

21. On or about October 7, 2014, Hon. Mary H. Smith of the Supreme Court of the State of New York, IAS Part, Westchester County granted Mr. Samms' application and vacated the default judgment.

Denies the above.

22. On or about December 14, 2014, Mr. Samms filed an answer pro se in the collections lawsuit, asserting general denials and affirmative defenses based on improper venue, lack of jurisdiction and improper service.

Admits the above.

23. On or about December 15, 2014, Mr. Samms filed a pro se demand pursuant to CPLR 511(b) to try the action in Bronx County.

Admits the above.

24. On or about February 2, 2015, Mr. Samms served a demand in the collections lawsuit to change the place of trial from Westchester to Bronx County.

Denies the above.

25. On or about February 19, 2015, Hon. Mary H. Smith of the Supreme Court of the State of New York, IAS Part, Westchester County granted Samms' demand to change the place of trial and ordered the collection lawsuit transferred to Supreme Court, Bronx County.

Denies the above.

26. The collections lawsuit is still pending in Supreme Court, Bronx County.

Admits the above.

27. You do not contend that Mr. Samms had a written contract with the putative creditor in the collection lawsuit.

Admits the above.

28. You do not contend that Mr. Samms had a written contract with the putative creditor in the collection lawsuit that allowed for recovery of attorney's fees.

Admits the above.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

Admits the above.

30. AFFE is a "debt collector" as defined by 15 U.S.C. §1692(a)(6).

Admits the above.

31. AFFE regularly attempts to collect putative consumer debts.

Admits the above.

32. AFFE filed hundreds of collection lawsuits within the last 3 years seeking to collect putative medical debts.

Admits the above.

33. You have sent out hundreds of letters in the last three years with the disclosures required by 15 U.S.C. §1692g.

Admits the above.

34. How [sic] have no policies or procedures in place to avoid violations of the FDCPA.

Denies the above.

Dated: July 29, 2015

Respectfully submitted,

Anthony Joseph Genovesi, Jr.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, & Wolf, LLP
1111 Marcus Avenue, Suite 107
Lake Success, NY 11042
Phone: (516) 328-2300
Fax: (516) 328-6638
Email: agenovesi@abramslaw.com

AF011