```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
LARRY SAMMS,

                Plaintiff,

        -v-                              15-cv-2741 (JSR)

ABRAMS, FENSTERMAN, FENSTERMAN,          OPINION AND ORDER
EISMAN, FORMATO, FERRARA & WOLF, LLP,

                Defendant.
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Larry Samms brought this action against the law firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP ("Abrams"), alleging two violations of the Fair Debt Collection Practices Act ("FDCPA") and one violation of N.Y. Gen. Bus. Law § 349. The Court now has cross-motions for summary judgment before it: Samms moves for summary judgment on liability on all of his claims; Abrams moves for partial summary judgment on the first FDCPA claim and on the § 349 claim. The Court grants Samms's motions with respect to the FDCPA violations and denies his motion with respect to the state law claim. The Court denies Abrams's motions.

The facts of this case are set out in greater detail in the Court's opinion denying in part and granting in part defendant's motion for judgment on the pleadings. Memorandum Order dated July 7, 2015, at 1-3, ECF No. 21. By way of background, Abrams filed an action in New York State Supreme Court in Westchester County on behalf of its client the Bishop Charles W. Maclean Episcopal Nursing Home (the "Nursing Home"). The state court complaint alleged that Samms owed the Nursing Home a debt of $21,000 for services rendered. Samms brought

the present action alleging that the state court proceeding against him violated the FDCPA and GBL § 349. Samms' first FDCPA claim is a "distant venue" claim under 15 U.S.C. § 1692i(a)(2): Abrams filed the lawsuit against Samms in Westchester County, but Samms resides in Bronx County. Samms's second FDCPA claim is based on the request in the debt collection lawsuit for attorneys' fees, which Samms alleges was without legal basis in violation of 15 U.S.C. §§ 1692e, 1692f(1). Samms also claims that the baseless request for attorneys' fees was a deceptive business practice under GBL § 349.

A court grants a party's motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). With respect to Samms's first claim, there are no material facts in dispute. 15 U.S.C. § 1692i states in relevant part that "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district . . . in which such consumer resides at the commencement of the action." However, 15 U.S.C. § 1692k(c) sets out a "bona fide error" defense to FDCPA violations: "[a] debt collector may not be held liable in any [FDCPA] action . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

Abrams concedes that it filed its debt collection lawsuit against Samms in Westchester County on April 9, 2014. See Abrams, Fensterman,

Fensterman, Eisman, Formato, Ferrara, & Wolf, LLP Statement of Material Facts in Support of Motion for Summary Judgment ¶ 23, ECF No. 58. Invoking § 1692k(c), Abrams argues that it filed the suit with a good faith belief that Samms resided in Westchester County and pursuant to internal procedures designed to prevent FDCPA violations. The facts marshalled by Abrams demonstrating its good faith belief and internal procedures are not material because Abrams also concedes that it served Samms through "nail-and-mail" service at his residence in Bronx County on June 26, 2014. Id. ¶ 38; Declaration of Anthony Genovesi, Esq. in Opposition to Plaintiff's Motion for Summary Judgment Ex. O, ECF No. 60. "Nail-and-mail" service requires a summons to be affixed to an individual's residence or place of business, and Abrams does not claim that it had confused Samms's home with a business. N.Y. C.P.L.R. § 308(4); Declaration of Anthony Genovesi, Esq. in Opposition to Plaintiff's Motion for Summary Judgment Ex. O, ECF No. 60 (identifying the site of service in the Bronx as "Larry Samms's . . . residence"). Therefore, by June 26, 2014, Abrams must have believed that Samms resided in Bronx County.

In light of these undisputed facts, the dispositive question is one of law: when and where did Abrams "bring" its action against Samms for purposes of 15 U.S.C. § 1692i by filing the lawsuit in Westchester County in April but serving Samms in Bronx County in June? The Second Circuit has spoken approvingly of, although not outright adopted, the Fifth Circuit's rule that a lawsuit is "brought" for purposes of § 1692i when a debtor receives notice of the suit. See Benzemann v.

3

Citibank N.A., 806 F.3d 98, 102-03 (2d Cir. 2015); Serna v. Law Office of Joseph Onwuteka, P.C., 732 F.3d 440, 445-46 (5th Cir. 2013); see also Johnson v. Riddle, 305 F.3d 1107, 1113 (10th Cir. 2003)(holding that FDCPA violation occurs when a plaintiff has been served for purposes of statute of limitations provision).[1] The Serna court explained that "'tying a violation to the mere filing of a complaint does not serve the statute's remedial purpose,' because 'no harm immediately occurs' upon the filing of the complaint." Benzemann, 806 F.3d at 102 (quoting Serna, 732 F.3d at 445). Serna's reasoning applies here. The harms the FDCPA was designed to prevent do not occur until a debtor receives notice of a collection lawsuit. Accordingly, the lawsuit against Samms was not "brought" within the meaning of § 1692i until he was served on June 26, 2014.

The question of when a lawsuit is brought is only half the puzzle: the question of where a lawsuit is brought within the meaning of § 1692i must also be considered. Notice cannot serve the same purpose in determining the location of a lawsuit as opposed to its timing. Were the Serna notice rule to be applied to the location of a lawsuit, the FDCPA would require that debt collection actions be served within a debtor's district of residence. This would invalidate many acceptable methods and locations of service, such as, in New York, personal service on a debtor outside of the debtor's county of

---

[1] The Second Circuit's specific holding in Benzemann was "that where a debt collector sends an allegedly unlawful restraining notice to a bank, the FDCPA violation does not 'occur' for purposes of Section 1692k(d) until the bank freezes the debtor's account." Benzemann v. Citibank N.A., 806 F.3d 98, 103 (2d Cir. 2015). Thus, Benzemann does

4

residence. See N.Y. C.P.L.R. § 308(1). The purpose of the FDCPA is not to obstruct valid debt collection lawsuits but to prevent abusive debt collection practices. See 15 U.S.C. § 1692. The abusive debt collection practices addressed by § 1692i's venue requirements are the costs and inconveniences imposed on debtors by responding to lawsuits in faraway places. Thus, again guided by Serna's focus on the "remedial purpose" of the FDCPA, where a lawsuit is "brought" for the purposes of § 1692i should be determined by where a debtor must respond to it. Barring exceptional cases, this will be where the lawsuit was filed.

Synthesizing these location and timing requirements yields the rule that, under §§ 1692i and 1692k(c), a debt collector must have a good faith belief that the district in which it files a debt collection lawsuit is that of the debtor's residence and this good faith belief must continue at least until the debtor receives notice of the lawsuit. Put another way, a collector must believe that it has filed its lawsuit in the proper venue at least until a debtor is served. In the present case, Abrams violated the FDCPA by serving Samms with a debt collection lawsuit when it knew that the lawsuit had been filed and was pending in a district in which Samms did not reside. Because these facts are undisputed, the Court grants Samms's motion for summary judgment as to liability on his distant venue claim and denies Abrams's motion.

---

not control this case outright.

There are also no disputed facts material to Samms's second FDCPA claim. 15 U.S.C. § 1692e bars use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692f(1) forbids "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." It is undisputed that the state court complaint filed by Abrams against Samms states the following: "[w]herefore, [the Nursing Home] demands judgment against the DEFENDANT as follows: . . . (c) [t]he . . . attorneys' fees of this action." Declaration of Ahmad Keshavarz in Support of Motion for Summary Judgment as to Liability, Ex. A, ECF No. 47. It is also undisputed that the attorneys' fees requested in Abrams's lawsuit against Samms were not allowed by contract or law. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, & Wolf, LLP Counter Statement of Material Facts in Opposition to Plaintiff's Motion for Summary Judgment ¶¶ 38, 42, 43, ECF No. 62.

Abrams raises two legal arguments against Samms's summary judgment motion. First, contradicting its own concession that fees were not allowed by contract or law, Abrams argues that its request for fees was permitted by law because the New York Supreme Court has the power to award attorneys' fees for frivolous conduct. See N.Y. Ct.

6

Rules § 130-1.1. However, these sanctions can only be imposed for frivolous litigation conduct. There can be no legal basis to request such sanctions in a complaint because the complaint begins the litigation: a defendant has not had the opportunity to engage in frivolous litigation conduct. See Memorandum Order dated July 7, 2015, at 7, ECF No. 21 (addressing this argument on defendant's motion for judgment on the pleadings). Abrams's first argument fails.

Second, Abrams argues that a jury must consider whether any specific practice is "unfair or unconscionable" under § 1692f. The authorities Abrams cites for this claimed exception from Fed. R. Civ. P. 56 are not on-point, not controlling, or both. See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1195-96 (11th Cir. 2010) (holding that question of whether a dunning letter was a threat under 15 U.S.C. § 1692(e)(5) was for jury). The Second Circuit has affirmed summary judgment on § 1692e claims. See, e.g., Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993). Moreover, Samms has not raised a general claim of "unfair or unconscionable" conduct under § 1692f, but has instead shown Abrams undertook conduct specifically prohibited by § 1692(1), namely, the attempted collection of attorneys' fees without any legal basis. Thus, Abrams's second argument fails. Accordingly, because there are no disputed facts material to Samms's second FDCPA claim, the Court grants his motion for summary judgment on liability with respect to this claim.[2]

---

[2] Abrams has not moved for summary judgment on this claim.

There are, however, disputed facts material to Samms's third claim, for deceptive business practices in violation of N.Y. Gen. Bus. Law § 349. Section 349 bars "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." "To make out a prima facie case under Section 349, a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result." Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000). While the facts establishing the first two of these elements are undisputed, there are factual disputes material to the third element.

To be consumer-oriented under § 349, "acts or practices [must] have a broader impact on consumers at large." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 745 (N.Y. 1995). In granting Samms's earlier motion to amend his complaint, this Court ruled that routinely asking for attorneys' fees without a legal basis constitutes consumer-oriented behavior, joining other courts that have held similar practices are consumer-oriented. See Memorandum Order dated Oct. 21, 2015, at 5-6, ECF No. 43; see, e.g., Campbell v. Associates, No. 12-CV-989, 2015 WL 1543215 at *18 (E.D.N.Y. March 31, 2015); Fritz v. Resurgent Capital Services, LP, 955 F Supp. 2d 163, 173-74 (E.D.N.Y. 2013); Diaz v. Portfolio Recovery Associates, No. 10-CV-3920, 2012 WL 1882976 (E.D.N.Y. 2012); Sykes v. Mel Harris and Associates, LLC, 757 F. Supp. 2d 413, 428 (S.D.N.Y. 2010). Abrams does not dispute that "[d]uring the period between April

8

8, 2012 to present, Abrams filed approximately 147 collection lawsuits against consumers, including Mr. Samms, demanding judgment or attorney's fees in the "wherefore" clause of the complaint, when none were allowed by contract or law." Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, & Wolf, LLP Counter Statement of Material Facts in Opposition to Plaintiff's Motion for Summary Judgment ¶ 43, ECF No. 62. Accordingly, there is no dispute of material fact that Abrams's practices had a "broader impact on consumers at large." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 745 (N.Y. 1995).

With respect to the second element of Samms's § 389 claim, "'[d]eceptive acts' are defined objectively [] as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009) (alteration in original). On defendant's motion for judgment on the pleadings, this Court held that requesting attorneys' fees in debt collection actions without any basis in law is deceptive under the FDCPA. See Memorandum Order dated at July 7, 2015, at 5-7, ECF No. 21; see also Mccollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 949 (9th Cir. 2011); Moxley v. Pfundstein, No. 1:10-CV-2912, 2012 WL 4848973, at *5 (N.D. Ohio Oct. 11, 2012); Foster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783, 802 (S.D. Ohio 2006); Strange v. Wexler, 796 F. Supp. 1117, 1119 (N.D. Ill. 1992); cf. Lox v. CDA, Ltd., 689 F.3d 818, 826 (7th Cir. 2012) (reversing grant of summary judgment in favor of debt collector who falsely stated in collection

9

letter that a court "could allow . . . attorney fees"); Fosen v. Weinstein & Riley, P.S., No. 4:12CV662, 2013 WL 4417526, at *5 (E.D. Tex. Aug. 14, 2013). But see Argentieri v. Fisher Landscapes, Inc., 15 F. Supp. 2d 55, 61-62 (D. Mass. 1998). Although the standard for deceptive conduct under the FDCPA is determined from the perspective of the "least sophisticated consumer" instead of the "reasonable consumer" standard of §349, see Clemon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993), the grounds for the Court's earlier decision call for the same outcome here. A reasonable consumer reading Abrams's request for attorneys' fees would likely be misled into believing that there was some basis for the request. This belief could coerce a reasonable consumer into paying the debt out of fear of incurring even greater liability.[3] Accordingly, there is no material factual dispute that Abrams's acts were materially misleading.

To satisfy the third element of a § 389 claim, a "plaintiff must show that the defendant's material deceptive act caused [plaintiff's] injury." Gale v. Int'l Bus. Machs. Corp., 781 N.Y.S.2d 45, 47 (N.Y. App. Div. 2004). At Samms's deposition, he testified that, as a result of the collection lawsuit, he has been having trouble thinking, eating, and sleeping and has had to pay filing fees. Declaration of Ahmad Keshavarz in Support of Motion for Summary Judgment as to

---

[3] In response, Abrams again argues that its request for fees was justified by N.Y. Ct. Rules § 130-1.1. As discussed supra and in this Court's decision on Abrams's motion for judgment on the pleadings, § 130-1.1 allows sanctions directed at frivolous litigation conduct. Sanctions related to litigation conduct cannot be the basis for an attorneys' fees request in a complaint.

10

Liability, Ex. B at 63:09-64:23; 65:11-65:25, ECF No. 47. However, Samms seemed unable to recall the specific request for attorneys' fees upon which his § 389 claim is based. Id. at 49:15-24. He said that he did not "remember everything that was on those papers [referring to the lawsuit]," but that he "just kn[e]w it was annoying." Id. at 50:8-10. He only specifically mentioned the attorneys' fees request in an errata sheet filed after his deposition, wherein he stated that "[t]hey said I owed them attorney's fees." Declaration of Ahmad Keshavarz in Support of Motion for Summary Judgment as to Liability, Ex. Z, ECF No. 47.

Abrams argues that the errata to Samms's deposition cannot be considered because it was not timely filed. Fed. R. Civ. P. 30(e) directs that a "deponent must be allowed 30 days after being notified by the officer that the [deposition] transcript . . . is available in which" to review and make changes to the transcript. Samms received notification that the transcript was available on September 15, 2015. See Declaration of Ahmad Keshavarz in Support of Plaintiff's Reply in Further Support of his Motion for Summary Judgment as to Liability, Regarding the Timeliness of his October 15, 2015 Errata Sheet Ex. A, ECF No. 67. Samms submitted his errata on October 16, 2015. Declaration of Ahmad Keshavarz in Support of Motion for Summary Judgment as to Liability, Ex. Z, ECF No. 47. As plaintiff himself concedes, "[t]here are 31 days between September 15, 2015[,] and October 16, 2015." Plaintiff's Reply in Further Support of his Motion for Summary Judgment as to Liability, Regarding the Timeliness of his

11

October 15, 2015 Errata Sheet at 1, ECF No. 67.[4] Accordingly, Samms's errata sheet was untimely, and he therefore waived his right to alter his deposition transcript. Moreover, even if this were not the case, the vagueness of his testimony means that genuine issues of material fact would remain as to whether and to what extent the request for attorneys' fees caused the harms allegedly suffered by Samms. Accordingly, the Court denies Samms's summary judgment motion with respect to § 389 claim.

Abrams also moves for summary judgment on Samms's § 349 claim. Abrams argues that, because the conduct underlying plaintiff's § 349 claim would also support a claim under N.Y. Gen. Bus. Law § 601, Samms's § 349 claim must be dismissed. Section 601 states that "[n]o principal creditor . . . or his agent shall: . . . [k]nowingly collect, attempt to collect, or assert a right to any collection fee, attorney's fee, court cost or expense unless such cha[r]ges are justly due and legally chargeable against the debtor." "The New York Court of Appeals has stated unequivocally that Section 601 does not supply a private cause of action," and the Second Circuit has held that "plaintiffs cannot thwart legislative intent [and bring a private action to enforce § 601] by couching a Section 601 claim as a Section 349 claim." Conboy v. AT & T Corp., 241 F.3d 242, 258 (2d Cir. 2001).

---

[4] Samms argues that he was electronically served with the deposition transcript within the meaning of Fed. R. Civ. P. 5 and therefore three days must be added to his 30-day allowance under Fed. R. Civ. P. 6(d). Rule 6(d) applies "[w]hen a party may or must act within a specified time after service," whereas Rule 30(e) contemplates the notification of party by an officer that a transcript is available – not service. Samms had 30 days, not 33 days, to submit his errata sheet.

12

In Conboy, plaintiffs alleged that a debt collector called them in a harassing way, a violation of § 601, although not materially deceptive as required by § 349. Id. Accordingly, Conboy simply stands for the proposition that a § 601 claim is not necessarily a § 349 violation: it did not address conduct that supports claims under both § 601 and § 349. In particular, it does not disallow a § 349 claim because the underlying conduct also constitutes a violation of § 601. There is no basis for Abrams's argument that § 601 bars overlapping § 349 claims.

Despite the failure of its § 601 argument, Abrams would nonetheless prevail on its motion if there were no factual disputes material to Samms's § 349 claim. However, as discussed above, Samms introduced testimony from his deposition that raises triable issues of fact regarding whether Abrams's request for attorneys' fees injured Samms. For instance, Samms testified that the collection lawsuit and its claims that Samms owed money "caused [Samms] a lot of problems, a lot of anguish." Declaration of Ahmad Keshavarz in Support of Motion for Summary Judgment as to Liability, Ex. B 74:11-21. On the record before it, the Court cannot conclude that none of these problems was due to Abrams's request for fees. Because Samms has established the other two elements of his § 349 claim, the factual disputes over the third element mean the Court must deny Abrams's motion for summary judgment.

For the foregoing reasons, the Court hereby grants Samms's motion for summary judgment for liability on his FDCPA claims, denies Abrams's motion for partial summary judgment on Samms's distant venue

13

claim, and denies both parties' motions on Samms's § 349 claim. The parties are instructed to jointly call chambers by March 4, 2016, to set a date for trial on damages for Samms's FDCPA claims and on liability and damages for his § 349 claim.

The Clerk of Court is directed to close documents numbered 46 and 56 on the docket of this case.

SO ORDERED.

Dated:   New York, NY
         February 27, 2016                    _____
                                              JED S. RAKOFF, U.S.D.J.