15civ2741(JSR)

Samms v. [signature]

~~Draft – 4/17/16~~ Plaintiff's proposed version 4/18/16

## PRELIMINARY JURY INSTRUCTION

Before the parties begin presenting evidence, I want to give you a quick heads-up about the ultimate issue you will have to decide in this case, which is how much money, if any, you want to award to plaintiff to compensate him for any ~~injuries~~ damages suffered as a result of defendant's misconduct. However, this preliminary instruction is no substitute for the more detailed instructions that I will give you at the close of all the evidence and that will govern your deliberations.

The plaintiff in this case, Larry Samms, claims that he was injured, monetarily and psychologically, by improper ~~fee~~debt-collection practices in which the defendant engaged. Specifically, it has already been determined that the defendant – the law firm of Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP – violated state and federal law by (1) bringing a debt collection lawsuit against Mr. Samms in a county he did not live in, and (2) seeking in that lawsuit to collect, not just the money and interest ~~he~~ allegedly owed, but also attorneys' fees, to which they were not entitled. I instruct you as a matter of law that, while bringing a debt collection lawsuit is not itself illegal, bringing it in a county where the debtor does not reside and seeking to recover, not just the money and interest allegedly owed, but also attorneys' fees, are tactics that violate the laws here relevant.

However, it is for you to determine whether the plaintiff was injured by these illegal actions and, if so, what amount of money ~~(called "damages")~~ must be paid to him by the defendant to compensate the plaintiff for such ~~injuries~~damages. The damages, if any, ~~consist~~ are to compensate Mr. Samms for expenses for which he incurred or became liable, and for personal humiliation, embarrassment, mental anguish, or emotional distress[1] ~~of reimbursement for any expenses plaintiff had to pay as a result of defendant's unlawful tactics, as well as a reasonable monetary compensation for any psychological suffering that plaintiff~~Mr. Samms endured as a result of defendant's unlawful tactics~~such tactics~~.

---

[1] *Milton v. Rosicki, Rosicki & Associates, P.C.*, No. 02 CV 3052 (NG), 2007 WL 2262893, at *3 (E.D.N.Y. Aug. 3, 2007)("Actual damages compensate a plaintiff for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA.")

I will give you more detailed instructions on these matters at the close of the case.