Ct. Ex. 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LARRY SAMMS,

                Plaintiffs,

                v.

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA &
WOLF, LLP,
                Defendant.
------------------------------------------------------------x

15-cv-2741 (JSR)

## THE COURT'S INSTRUCTIONS OF LAW TO THE JURY

# TABLE OF CONTENTS

## I. GENERAL INSTRUCTIONS

1. Duty of the Court

2. Duty of the Jury

3. Duty of Impartiality

4. Burden of Proof

5. Direct and Circumstantial Evidence

6. Witness Credibility

## II. DAMAGES

7. Damages

## III. CONCLUDING INSTRUCTIONS

8. Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

9. Verdict; Need for Unanimity; Duty to Consult

## I. GENERAL INSTRUCTIONS

### INSTRUCTION NO. 1

#### Duty of the Court

We are now approaching the most important part of this case, your deliberations. You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you. Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now but also so that you can have them with you for reference throughout your deliberations. In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

INSTRUCTION NO. 2

Duty of the Jury

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence. To aid your recollection, we will send you all the exhibits at the start of your deliberations, and if you need to review particular items of testimony, we can also arrange to provide them to you in transcript or read-back form. But please remember that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence. Nor is anything I may have said evidence.

The evidence before you consists of just two things: the testimony given by witnesses that was received in evidence and the exhibits that were received in evidence. Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the deposition excerpts that were placed in evidence. Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection. Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record. Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All such questions of law must be decided by me. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses. My rulings were no more than applications of the law, and my questions were only intended for clarification or to expedite matters. You are expressly to understand that I have no opinion as to the verdict you should render in this case.

## INSTRUCTION NO. 3

### Duty of Impartiality

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, for all parties are equal under the law. You are to perform your final duty in an attitude of complete fairness and impartiality. You are not to be swayed by rhetoric or emotional appeals.

It must be clear to you that if you were to let prejudice or bias or sympathy interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence.

## INSTRUCTION NO. 4

### Burden of Proof

As you know, this is a civil case. In order to prevail in a civil case, a party who is making a claim against another party has what we call the "burden of proof." Here, plaintiff Larry Samms has claimed that he suffered injuries as a result of the misconduct of defendant Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP and that he is entitled to compensation for these injuries. Mr. Samms must prove both the fact of such injuries, if any, and the amount of such compensation, if any, by a preponderance of the credible evidence. To establish a fact by a "preponderance" of the evidence simply means to prove that the fact is more likely true than not true. The "credible" evidence means such testimony, exhibits, stipulations, or legal admissions that you find worthy of belief.

INSTRUCTION NO. 5

Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a fact directly. For example, where a witness testifies to what he or she saw, heard, or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, it is not a matter of speculation or guess; it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

INSTRUCTION NO. 6

Witness Credibility

It must be clear to you by now that counsel for the opposing parties are asking you to draw very different conclusions about various factual issues in the case. An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear to you? Was the witness candid, frank and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent, or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is or is not truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how he or she testified? Does the witness have some interest, incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

8

You should also consider whether the witness had an opportunity to observe the facts he or she testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

## II. DAMAGES

### INSTRUCTION NO. 7

#### Damages

With these preliminary instructions in mind, we now turn to the specific issue in this case, which is the determination of damages, if any. As you know, it has already been determined that defendant Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP violated the law by (1) bringing a debt collection lawsuit against Mr. Samms in Westchester County, when he actually lived in Bronx County and (2) seeking in that lawsuit to collect, not just the money and interest he allegedly owed, but also attorneys' fees, to which defendant was not entitled. Your job is to determine what injuries, if any, were proximately caused by these violations and how much (if any) money should be paid to the plaintiff to compensate him for any such injuries. An injury is "proximately" caused by the misconduct of the liable party if that misconduct was a substantial factor in causing the injury.

The two kinds of injuries that Mr. Samms claims he has proven by a preponderance of the evidence are (1) economic injuries, that is, any expenses plaintiffs had to pay or for which he became liable that were proximately caused by either or both of defendant's two violations, and (2) any physical injury and/or mental or emotional distress that were proximately caused by either or both of defendant's two violations.

As to any injury that plaintiff proves by a preponderance of the evidence was proximately caused by either or both of defendant's violations, you must then determine how much (if any) money is reasonably necessary to compensate plaintiff for such injuries. The amount of damages for the first category – economic injuries – is easily determined: it is the total dollar amount of any payments plaintiff made or for which he became liable as the proximate result of either or

both of defendant's violations. The amount of damages for the second category – any physical injuries and/or mental or emotional distress – is a little less straightforward. Basically, it is the amount of money, if any, that, based on your common experience, you think is reasonably necessary to compensate the plaintiff for such non-economic injuries.

## III. CONCLUDING INSTRUCTIONS

### INSTRUCTION NO. 8

#### Selection of Foreperson; Right to See Exhibits and Hear Testimony; Communications with the Court

You will shortly retire to the jury room to begin your deliberations. As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form on which to record your verdict. In addition, we will send into the jury room all of the exhibits that were admitted into evidence. If you want any of the testimony, that can also be provided, either in transcript or read-back form. But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

INSTRUCTION NO. 9

Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case; and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation— to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and it must also be unanimous.

This completes my instructions of law.