# ABRAMS AF FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP

Attorneys at Law
www.abramslaw.com

1111 Marcus Avenue - Suite 107
Lake Success, New York 11042
Phone: 516-328-2300
Fax: 516-328-6638
FAX NOT FOR LEGAL SERVICE

FIRM OFFICES

Brooklyn
New York
Rochester

April 25, 2016

United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., 14B
New York, NY 10007-1312
Attn: Hon. Jed S. Rakoff

      Re:    Samms v. Abrams Fensterman
              Docket#: 15-cv-02741 (JR)

Dear Judge Rakoff:

      This letter sets forth defendant Abrams' opposition to any increase of the jury's award of actual damages in the form of treble damages. After a jury trial, a verdict was returned on April 20, 2016 awarding plaintiff actual damages in the amount of $6,795.00.

      The statute governing the question of treble damages is General Business Law §349(h) which states:

> (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, *increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars,* if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff. [Emphasis added] (NY GEN BUS § 349)

      The first basis for defendant's opposition to any increase in the award is that the plain language of GBL §349 does not permit any increase where actual damages exceed $1,000.00. The statute does not state that treble damages up to $1,000.00 may be

awarded in addition to actual damages, but rather that actual damages may be increased "to an amount not to exceed three times the actual damages up to one thousand dollars".

Various state and federal courts have recognized this limitation. In *Mayline Enterprises, Inc. v. Milea Truck Sales Corp.*, 641 F.Supp.2d 304, 310 (S.D.N.Y. 2009) the court dismissed plaintiff's claim for punitive damages relying on New York State case authority declining to award punitive damages where actual damages exceed the $1,000 cap on total damages. The cases relied upon by the *Mayline* court include, *Bristol Harbour Assoc., L.P. v. Home Ins. Co.*, 244 A.D.2d 885, 665 N.Y.S.2d 142, 143 (1997) [Where the court held: "[p]ursuant to that section, [GBL §349(h)] the court may in its discretion award treble damages based upon proof of defendant's willful or knowing violation of the statute, but the award of damages may not exceed $1,000; and *Hart v. Moore,* 155 Misc.2d 203, 587 N.Y.S.2d 477, 480 (Sup.Ct. Westchester County 1992) ["As the Court reads the statute, once actual damages exceed $1,000, there can be no increase for punitive damages. It appears that punitive damages may only be awarded where the total award, together with the punitive damages, does not exceed $1,000."]

In *City of New York v. Coastal Oil New York, Inc.*, 1999 WL 493355, at *15 (S.D.N.Y. 1999), Judge Patterson reached the same conclusion holding "[t]reble damages may be awarded under Section 349 of New York's General Business Law if the defendant has acted willfully or knowingly, but only up to the amount of one thousand dollars… Accordingly, plaintiffs are entitled to seek additional damages on this claim, but these additional damages may not increase the award to plaintiffs on this claim to an amount over one thousand dollars." The authority relied upon by the *Coastal* court includes *Greenspan v. Allstate Ins. Co.,* 937 F.Supp. 288, 295 n. 2 (S.D.N.Y.1996) [ "[e]ven if plaintiffs replead their section 349 claims, that statute does not authorize an award of punitive damages. *See* N.Y.Gen.Bus.L. § 349(h) (authorizing recovery of actual damages and giving court discretion to increase damage award to an amount not exceeding treble actual damages or $1000)". The *Coastal* Court also relied upon *Hart, supra* and *Rossi v. 21st Century Concepts, Inc.,* 162 Misc.2d 932, 940, 618 N.Y.S.2d 182, 187 (City Ct.1994). ["Although the Court would like to treble plaintiff's actual damages of $1,555.33, this amount exceeds the maximum $1,000.00 permissible.]

Abrams also opposes GBL §349 relief based upon the interrogatories presented to the jury which were fashioned such that the Court would be required to speculate to arrive at the conclusion that the jury found injury as required by GBL §349. To have found injury the jury must have found that the inclusion of the request for attorney's fees in the wherefore clause of the complaint resulted in actual injury. First, the evidence at trial in the form of Mr. Samms' deposition testimony was that he was not even aware of the request. Second, Abrams requested separate interrogatories for the attorney's fee request and distant forum claims for precisely this reason. Plaintiff, by contrast, did not request separate interrogatories and should not now stand to benefit from the resulting ambiguity.

Finally, mindful of the Court's perception articulated after the verdict was returned, I respectfully submit that Abrams' neither knowingly nor willfully engaged in deceptive conduct. It was not a tactic or a device of Abrams' practice and finding

Hon. Jed S. Rakoff
April 25, 2016
Page 2 of 2

_____

otherwise is inconsistent with other conduct of Abrams which evinces Abrams' policy enabling full and fair consideration of the collection claims on their merits. Rather the evidence adduced of Abrams' unilateral proposals to vacate judgment and transfer venue are manifestations of an absence of deceptive conduct and are reflective of the manner in which Abrams conducts its practice. There never has been and there never will be as a part of Abrams' practice a willful or knowing effort to deceive anyone. I respectfully request that the Court not find otherwise.

Respectfully Submitted,

Anthony J. Genovesi

AJG/SF