# Guy R. Fairstein
Attorney-at-Law
15 Stewart Place – No. 11-J
White Plains, NY 10603-3843
Land line:  914-328-0923
Cellular:  914-924-0350
gfairstein@optonline.net

August 18, 2015

Mr. Larry Samms
835 Jennings Street
Bronx, NY 10459

Re:   Bishop Charles W. MacLean Episcopal
      Nursing Home (the "Home") v. Larry Samms

Dear Larry:

I am enclosing my bill for my services rendered and a disbursement advanced during my representation of you in the defense of this action. I have deferred rendering this bill, as a courtesy to you. However, Ahmad Keshavarz told me yesterday that your deposition is scheduled to be taken on Friday, in view of which I want you to have the bill by then to mitigate the risk that you will need to be subjected to another deposition session to answer questions regarding the bill. Later today I'll send a scan of the bill to Ahmad by e-mail attachment.

You need not pay the bill at this time. I am content to await the outcome of the Fair Debt Collection Practices Act action in which Ahmad represents you. Please understand that this is a further courtesy to you, not a "liberation" of you from the obligation to pay me a reasonable fee.

With best wishes to you and to Curtis ....

Very truly yours,

Guy R. Fairstein

**Guy R. Fairstein**
Attorney-at-Law
15 Stewart Place ~ No. 11-J
White Plains, NY 10603-3843
Land line: 914-328-0923
Cellular: 914-924-0350
gfairstein@optonline.net

August 18, 2015

Mr. Larry Samms
835 Jennings Street
Bronx, NY 10459

      For all professional services rendered in the defense of an action commenced in the Supreme Court, Westchester County, titled Bishop Charles W. MacLean Episcopal Nursing Home v. Larry Samms (Westchester County Clerk's Index No. 55343/2014), per the accompanying detail:

| | |
|---|---:|
| 21 hours at $250.00 per hour: | $5,250.00 |
| Disbursements: | |
| Filing fee, motion to change venue | 45.00 |
| TOTAL | $5,295.00 |

## Larry Samms adv
## Bishop Charles W. MacLean Episcopal Nursing Home

| 2014 Dec | | | Month | Total |
|---|---|---|---|---|
| Dec 10 | Read and print case file in Westchester County Clerk's office (0.3); legal research re change of venue (0.6); REDACTED REDACTED | 1.0 | | |
| Dec 11 | REDACTED | 0.2 | 1.2 | |
| Dec 12 | Legal research re medical bills as consumer debt (0.6); prepare draft of demand to change venue (0.3) | 0.9 | 2.1 | |
| Dec 14 | Telephone conferences with Larry Samms and Curtis Samms (0.7); e-mail exchanges with Thomas (0.2) | 0.9 | 2.3 | |
| Dec 15 | Revise draft of demand to change venue and prepare draft of amended answer, both pro se (0.8); meetings with Curtis Samms at courthouse and assist with filing of answer and demand (0.7); further legal research re change of venue (1.3) REDACTED | 3.0 | 5.3 | |
| Dec 29 | Further work on draft of amended answer and draft of motion papers re motion to change venue (3.4) | 3.4 | 8.7 | |
| Dec 30 | Further work on draft of papers on motion to change venue, particularly the supporting memorandum | 1.2 | 9.9 | |
| Dec 31 | Meeting with Larry Samms (1.5); attend to service and e-filing of notice of appearance and demand to change venue (0.2); further work on Samms supporting affidavit re change of venue (0.4); check e-filing notice (0.1) | 2.2 | 12.1 | 12.1 | 12.1 |

2015

**Jan**

| | | | | |
|---|---|---|---|---|
| Jan 2 | Letter to Larry Samms returning personal papers (1); meeting with Larry Samms (0.8); final review of, and attend to serving and e-filing of, amended answer and motion to change venue papers (0.4); prepare draft of CPLR 3120 notice (0.4); REDACTED REDACTED | 1.9 | | |
| Jan 3 | Final edit of CPLR 3120 notice (0.3); attend to service and e-filing of same (0.1); read e-Track update (0.1); REDACTED REDACTED | 0.6 | 2.5 | |
| Jan 5 | Read e-notice of Jan 12 preliminary conf and motion information (0.1); telephone conf with Michael Leinoff (0.2); read e-notice of prelim conf adjournment to Feb 13 (0.1); telephone conf with Larry Samms (0.2) | 0.6 | 3.1 | |
| Jan 7 | Read e-mail from Leinoff and read and edit stip (0.2); e-mail exchange with Leinoff (0.1); draft letter to Justice Smith (0.2) | 0.5 | 3.6 | |
| Jan 8 | e-file letter to Justice Smith and stip (0.1); e-mail to Leinoff, and read e-mail from Abrams firm re adjournment of prelim conf to Feb 27 (0.1) | 0.2 | 3.8 | |
| Jan 9 | Read e-Track update | 0.1 | 3.9 | |
| Jan 14 | Read e-mail from Justice Smith's courtroom clerk and e-mail exchange with Leinoff (0.2) | 0.2 | 4.1 | |
| Jan 15 | e-mail to Justice Smith's courtroom clerk (0.2) | 0.2 | 4.3 | |
| Jan 27 | Read e-mail from Leinoff, and e-mail exchange with Leinoff (0.2) | 0.2 | 4.5 | 4.5 | 16.6 |

**Feb**

| | | | |
|---|---|---|---|
| Feb 6 | Read e-reminder about Feb 13 motion date (0.1) | 0.1 | |
| Feb 11 | e-mail to Leinoff, draft stipulation and proposed order re change of venue, and e-mail exchange with Leinoff | 0.4 | 0.5 |
| Feb 12 | e-mail exchange with Leinoff (1) | 0.1 | 0.6 |

| Date | Description | | | | |
|---|---|---|---|---|---|
| Feb 13 | e-File letter to Justice Smith and stipulation and proposed order and e-mail to Leinoff (0.1); file hard copy, and coincidental conference with Justice Smith's courtroom clerk (0.2); further e-mail exchange with Leinoff (0.2) | 0.5 | 1.1 | | |
| Feb 20 | Read e-reminder re Feb 27 conf date (0.1) | 0.1 | 1.2 | | |
| Feb 23 | Read e-notices with order and so ordered stip re change of venue, and e-mail exchange with Leinoff (0.4); telephone conf with Larry Samms (0.2) | 0.6 | 1.8 | | |
| Feb 24 | Read e-alerts re change of venue (0.1) | 0.1 | 1.9 | | |
| Feb 25 | Read further e-alerts re change of venue and try to understand reference to OSC (old) (0.2) | 0.2 | 2.1 | | |
| Feb 26 | Read e-track notices, e-mail to Leinoff, and phone call to Leinoff | 0.3 | 2.4 | | |
| Feb 27 | Attend at prelim conf part to determine status on calendar; read incoming order with notice of entry; e-mail exchange with Leinoff (0.4) | 0.4 | 2.8 | 2.8 | 19.4 |

May

| Date | Description | | | | |
|---|---|---|---|---|---|
| May 15 | Read RJI and discovery notices from Abrams firm REDACTED (0.8) | 0.8 | | | |
| May 17 | Read alert and e-notice re change of attorney | 0.1 | 0.9 | | |
| May 20 | Further work on response to Abrams firm's discovery notices and REDACTED (0.7) | 0.7 | 1.6 | 1.6 | 21.0 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

LARRY SAMMS,

                    Plaintiff,

              v.                            15-cv-02741-JSR

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA & WOLF, LLP,

                    Defendant.

----------------------------------------x

## STATEMENT AND AFFIRMATION OF GUY R. FAIRSTEIN

      I, Guy R, Fairstein, state and affirm:

      1.    I am an attorney admitted to the practice of law in the State of New York, and in good standing.

      2.    Exhibit A hereto is a true copy of my letter dated October 12, 2015, addressed to the Honorable Jed S. Rakoff, United States District Judge. Pursuant to 28 U.S.C. § 1746, Local Civil Rule 1.9, and CPLR Rule 2106(a), I state and affirm under the penalty of perjury that the matters set forth in Exhibit A are true and correct.

Signed on December 9, 2015

                                                                _____
                                                                Guy R. Fairstein

# Exhibit A

**Letter of Guy R. Fairstein, dated October 12, 2015,
addressed to the Honorable Jed S. Rakoff**

# Guy R. Fairstein
Attorney-at-Law
15 Stewart Place ~ No. 11-J
White Plains, NY 10603-3843
Land line: 914-328-0923
Cellular: 914-924-0350
gfairstein@optonline.net

October 12, 2015

The Honorable Jed S. Rakoff
United States District Judge
The Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Samms v. Abrams Fensterman (No. 1:15-cv-02741-JSR)

Dear Judge Rakoff:

I represented the plaintiff, Larry Samms, in an action commenced against him in the Supreme Court, Westchester County (the "Bishop Action"), by the Bishop Charles W. MacLean Episcopal Nursing Home (the "Home"). The Home was represented in the Bishop Action by the law firm Abrams, Fensterman, et al., the defendant before Your Honor in this action.

I understand that Your Honor requested in a recent conference that counsel ask me to state the extent to which my bill rendered to Mr. Samms represents time expended in relation to Mr. Samms's motion to change from Westchester County to Bronx County the place of the trial of the Bishop Action. Hence this letter. I shall not e-file this letter, but shall e-deliver it to Attorneys Keshavarz and Genovesi, who may then place it before Your Honor at the appropriate time and in proper context.

1.   Of the 21 hours I billed to Mr. Samms for my services rendered, 19.4 hours ($4,860.00) were expended in relation to Mr. Samms's motion to change the of place of trial. I explain below the basis for this statement.

2.   **Basis for billing.** I have done business and commercial litigation for longer than 40 years in the Federal courts and in the courts of New York State. Since

June 2008 I have provided pro bono legal services to low income consumer debtors resident in Westchester County, primarily on referral from legal services organizations. Mr. Samms did not come to me as needing or seeking pro bono representation. He acknowledged to me at the outset his ability to pay a reasonable fee.

3. I billed Mr. Samms for my professional services at a rate below the market rate for an attorney with my experience and skill level. Also, I exercised "billing judgment" when I recorded time and again when I prepared my bill to Mr. Samms. The terms of my engagement by Mr. Samms called upon him to engage successor counsel if the place of trial of the Bishop Action were changed to Bronx County. I issued my bill to Mr. Samms after that change had been ordered. In my exercise of "billing judgment" I intended to and I believe I did exclude from the bill my time through February 28, 2015, unrelated to the motion to change the place of trial.

4. **The demand to change the place of trial.** Abrams Fensterman could have, in two ways, avoided Mr. Samms's motion to change the place of trial.

A. Abrams Fensterman's process server swore in his affidavit of service that he had effected service upon Mr. Samms's by "affixing" a copy of process to the door of Mr. Samms's "residence" at "835 Jennings Street, Bronx, NY 10459." Had Abrams Fensterman designated Bronx County as the place of trial, it would have designated a proper county, and there would not have been need for the motion.

B. A prerequisite to a motion to change the place of trial, when made on the ground that the county designated for trial is not the proper county, is the service of a CPLR Rule 511(b) demand to change the place of trial. The primary ground on which Mr. Samms moved to change the place of trial was that the county designated in the summons was not a proper county. A Rule 511(d) demand had to be served. I prepared and served Mr. Samms's pro se demand to change the place of trial (the "Demand"). Exhibit A is the Document List of papers in the Bishop Action filed with the Supreme Court, Westchester County. The demand is item No. 16 on the list. Abrams Fensterman did not consent on behalf of the Home to change the place of trial.

5. Under Rule 511(b), the Home had until Thursday, December 25, 2014 (a holiday, and thus until Friday, December 26, 2014) to file a written consent to

change the place of trial to Bronx County. The Home did not serve or file a Rule 511(b) written consent. No such consent appears on the Document List (Exhibit A). Had the Home served such a consent, Mr. Samms's motion would not have been necessary.

6. **The Amended Answer.** Under CPLR Rule 511(a), a Rule 511(b) demand to change the place of trial must be served prior to or with the defendant's answer. Mr. Samms's answer had been served by mail on Sunday, December 14, 2014.

7. To protect Mr. Samms's right to move to change the place of trial, I undertook legal research as to whether the time for serving a Rule 511(b) demand may run anew from the service of an amended answer. The result was affirmative, and I prepared Mr. Samms's amended answer. The amended answer was the predicate for the Demand, which was in turn a predicate for the motion. The Demand was served on December 15, 2014, Mr. Samms's amended answer on December 31, 2014. The Demand was served in a timely manner.

8. **The motion.** I met with Mr. Samms on December 31, 2015, to review with him the amended answer. He signed the verification at that time. I explained to him during our meeting the motion to change the place of trial. We discussed papers of his which might be used as exhibits in support of the motion, and he gave me papers for me to consider using as exhibits. I asked Mr. Samms during this meeting if he had received from Abrams Fensterman any paper relating to the Demand; he responded that he had not. As stated, Abrams Fensterman did not file a consent to change the place of trial of the Bishop Action.

9. Mr. Samms's motion to change the place of trial was made on three grounds. I conducted legal research concerning all three grounds.

   A. The primary ground was that Westchester County was "not a proper county" under CPLR § 510(1) for the trial of the action. This was because Mr. Samms was then and for longer than thirty years had been a resident of Bronx County, with the result that Bronx County was a "proper county" for the trial of the action.

   B. The second ground for the motion, under CPLR § 510(3), was that Mr. Samms would be a material witness in his own behalf and, given the

medical condition which kept him home-bound, his convenience and the ends of justice would be promoted by the change of place of trial to Bronx County.

        C.    The third ground for the motion was that the Bishop Action arose from a "consumer credit transaction" within the meaning of CPLR § 105(f), by reason of which, under CPLR Rule 305(f), "... the place of trial shall be the residence of [the] defendant ...," that is, Bronx County.

        10.    **CPLR 3120 Notice.** I also prepared and served on behalf of Mr. Samms a CPLR 3120 notice for discovery and inspection. At least four of the ten items in this paper sought the production of documents which I believed were reasonably calculated to show that, based upon its records regarding Mr. Samms, the Home and therefore Abrams Fensterman knew that Mr. Samms was and had been a resident of Bronx County, not of Westchester County.

        11.    Mr. Samms's CPLR 3120 notice called for the production of documents not later than February 3, 2015. I set that production date in relation to both the return date of Mr. Samms's motion to change the place of trial (February 13, 2015), and the deadline for my receipt of the Home's papers in opposition to the motion (February 3, 2015). I did so to be in a position to use papers to be produced by the Home, showing Mr. Samms's residence address in Bronx County, as exhibits to the reply affidavit I contemplated submitting in further support of Mr. Samms's motion.

        12.    **Further proceedings.** On January 5, 2015, Attorney Michael Leinoff of Abrams Fensterman phoned me. He offered to stipulate to change the venue of the action, and to prepare the stipulation effecting the change. The stipulation prepared by Attorney Leinoff was not a well-crafted paper. It contained an incorrect index number, which I corrected by hand prior to e-filing the paper. It did not contain the telephone numbers of signatory counsel, which CPLR 2101(b) requires. I called this to Attorney Leinoff's attention, added my telephone number by hand, and suggested that he do so for Abrams Fensterman. Attorney Leinoff's draft stipulation also did not contain a signature line upon which Justice Mary H. Smith, the justice to whom the Bishop Action had been assigned, could "so order" the stipulation. I suggested to Attorney Leinoff that Justice Smith would want to "so order" the stipulation. In an e-mail dated January 7, 2015, Attorney Leinoff wrote: "... I agree that it will probably have

The Honorable Jed S. Rakoff
United States District Judge
October 12, 2015
Page 5

to be [signed off on by a judge]."

13. When the opportunity presented itself, I drew a proper stipulation, which Attorney Leinoff and I signed and which Justice Smith "so ordered."

14. A pre-trial conference had been scheduled to be held on January 12, 2015. In his e-mail dated January 7, 2015, Attorney Leinoff had written: "We're going to call the court tomorrow and check on what we can do to get that conference on Monday to disappear, or at the very least, adjourn. I'll know more tomorrow afternoon." In view of Mr. Samms's motion to change the place of trial I agreed that the adjournment proposed by attorney Leinoff made sense and cooperated with him to effect that and another adjournment of the conference, which did not take place in Supreme Westchester.

15. I was trained longer than four decades ago to protect a client's interests with diligence throughout a representation. I believed I had good cause to do so here. For these reasons I remained diligent on behalf of Mr. Samms until I had seen his motion to change of the place of trial through to its conclusion, the "transfer" of the action to Bronx County.

Respectfully yours,

Guy R. Fairstein

Copy by e-mail attachment to:

Ahmad Keshavarz, Esquire
Anthony J. Genovesi, Esquire

# Exhibit A

to the letter dated October 12, 2015,
addressed by Guy R. Fairstein
to the Honorable Jed S. Rakoff

| | NYSCEF<br>Westchester County Supreme Court | Document List<br>Index # 55343/2014 | | Created on:02/25/2015 08:56 AM | |
|---|---|---|---|---|---|

Case Caption: BISHOP CHARLES W. MACLEAN EPISCOPAL NURSING HOME - v. - LARRY SAMMS

Judge Name: Mary H Smith

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 04/09/2014 | Wiener, M. - filed by Maverick Process Serving |
| 2 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | Processed | 04/09/2014 | Wiener, M. - filed by Maverick Process Serving |
| 3 | AFFIDAVIT | Processed | 06/27/2014 | Wiener, M. - filed by Maverick Process Serving |
| 4 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | Processed | 06/27/2014 | Wiener, M. - filed by Maverick Process Serving |
| 5 | CLERK DEFAULT JUDGMENT (PROPOSED)<br>Default Judgment | Reviewed by Clerk | 09/11/2014 | Wiener, M. - filed by United Lawyers Service Inc. |
| 6 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING<br>Statement Of Authorization | Processed | 09/11/2014 | Wiener, M. - filed by United Lawyers Service Inc. |
| 7 | JUDGMENT | Processed | 09/15/2014 | Court User |
| 8 | NOTICE OF ENTRY<br>Notice Of Entry | Processed | 09/18/2014 | Wiener, M. - filed by United Lawyers Service Inc. |
| 9 | PROPOSED ORDER TO SHOW CAUSE<br>w/hard copy submission | Processed | 09/29/2014 | Court User |
| 10 | RJI -RE: ORDER TO SHOW CAUSE - *Corrected*<br>w/hard copy submission | Processed | 09/29/2014 | Court User |
| 11 | STIPULATION TO VACATE JUDGMENT<br>Stipulation Vacating Judgment | Processed | 10/07/2014 | Wiener, M. - filed by United Lawyers Service Inc. |
| 12 | OTHER ORDER<br>OTHER ORDER entered in the office of the County Clerk on October 23, 2014 | Processed | 10/23/2014 | Court User |
| 13 | OTHER ORDER<br>OTHER ORDER entered in the office of the County Clerk on November 14, 2014 | Processed | 11/14/2014 | Court User |
| 14 | NOTICE OF ENTRY<br>Notice Of Entry | Processed | 11/21/2014 | Wiener, M. - filed by United Lawyers Service Inc. |
| 15 | ANSWER<br>w/ hard copy submission | Processed | 12/15/2014 | Court User |
| 16 | DEMAND FOR:<br>w/ hard copy submission / CPLR RULE 511b | Processed | 12/16/2014 | Court User |
| 17 | NOTICE OF APPEARANCE | Processed | 12/31/2014 | Fairstein, G. |
| 18 | AMENDED ANSWER | Processed | 12/31/2014 | Fairstein, G. |
| 19 | NOTICE OF MOTION | Processed | 01/02/2015 | Fairstein, G. |

NYSCEF
Westchester County Supreme Court

Document List
Index # 55343/2014

Created on: 02/25/2015 08:56 AM

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 20 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | Processed | 01/02/2015 | Fairstein, G. |
| 21 | MEMORANDUM OF LAW IN SUPPORT | Processed | 01/02/2015 | Fairstein, G. |
| 22 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 01/02/2015 | Fairstein, G. |
| 23 | EXHIBIT(S) A-Summons and complaint; B-Affidavit of service: C-Default judgment; D-Answer; E-Demand to change pl(..) | Processed | 01/02/2015 | Fairstein, G. |
| 24 | NOTICE OF DISCOVERY AND INSPECTION | Processed | 01/03/2015 | Fairstein, G. |
| 25 | STIPULATION | Processed | 01/08/2015 | Fairstein, G. |
| 26 | LETTER/CORRESPONDENCE | Processed | 01/08/2015 | Fairstein, G. |
| 27 | LETTER/CORRESPONDENCE | Processed | 02/13/2015 | Fairstein, G. |
| 28 | STIPULATION Stipulation consenting to change of venue on consent | Processed | 02/13/2015 | Fairstein, G. |
| 29 | ORDER DIRECTING TRANSFER -CHANGE OF Transfer to Bronx Supreme Court | Processed | 02/23/2015 | Court User |
| 30 | STIPULATION | Processed | 02/23/2015 | Court User |