UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

LARRY SAMMS,                                          :

                                        Plaintiff,    :

                                                      :        15-cv-02741 (JR)

                                                      :

        V.                                            :

                                                      :

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,               :
FORMATO, FERRARA, & WOLF, LLP

                                                      :

                                        Defendant.    :

                                                      :
_____


DEFENDANT ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO,
FERRARA, & WOLF, LLP's MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES

Anthony J. Genovesi, Jr. Esq.
On the Brief


Dated: June 1, 2016

*s/ Anthony J. Genovesi, Jr.*
Anthony J. Genovesi, Jr., Esq.
Abrams, Fensterman, Fensterman, Eisman
Formato, Ferrara & Wolf, LLP
Attorneys for Defendant
Abrams Fensterman, Fensterman, Eisman
Formato, Ferrara & Wolf, LLP
1111 Marcus Avenue
Lake Success, New York 11042
Telephone:  (516) 368-9426
Facsimile:  (516) 368-9579
agenovesi@abramslaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... III

INTRODUCTION ............................................................................................................ 1

PRELIMINARY STATEMENT ........................................................................................... 1

    I.    THE STANDARD FOR RECOVERY OF ATTORNEY'S FEES ....................................3

    II.   PLAINTIFF'S APPLICATION SEEKS TO RECOVER FOR VAGUE, EXCESSIVE AND IMPROPER ITEMS ...................................................................................5

         *a.*    *Plaintiff's time records are vague* .......................................................... 5

         *b.*    *Plaintiff's invoices include excessive and duplicative entries which are not recoverable* ........................................................ 10

         *c.*    *Plaintiff's time includes subject matter not properly recoverable* ............................................................................................ 12

         *d.*    *Plaintiff's time entries appear not to have been contemporaneously created* ................................................................ 17

    III.   THE HOURLY RATE PLAINTIFF'S ATTORNEY SEEKS IS EXCESSIVE ....................19

         *a.*    ████████████████████████████████████ ████████████████████████████████████ ██████ ............................................................................ 20

         *b.*    *Plaintiff's hourly rate should be adjusted based upon his conduct* ............................................................................................... 24

         *c.*    *Plaintiff's attorney's work on this case has not precluded him from accepting other employment or from billing time on other existing cases* ................................................................ 31

CONCLUSION ............................................................................................................... 32

**Cases**

*ACE Ltd. v. CIGNA Corp.,*
    No. 00–9423, 2001 WL 1286247, at *4 (S.D.N.Y. Oct. 22, 2001) .................................... 5

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,*
    522 F.3d 182, 183, 189-90 (2d Cir. 2008) ................................................................. 3, 4

*Cabala v. Crowley,*
    736 F.3d 226, 230-31 (2d Cir. 2013) ........................................................................... 26

*De La Paz v. Rubin & Rothman, LLC,*
    2013 WL 6184425, at *6 (S.D.N.Y.,2013) .................................................................... 19

*Design Strategy, Inc. v. Davis,*
    469 F3d 284, 295-96 (2d Cir. 2006) ........................................................................... 29

*Emanuel v. American Credit Exch.,*
    870 F.2d 805, 809 (2d Cir. 1989) ................................................................................ 3

*Fennell v. TLB Kent Co.,*
    865 F.2d 498, 501 (C.A.2 (N.Y.), 1989) ...................................................................... 22

*Fink v. City of New York,*
    154 F.Supp.2d 403, 412–13 (E.D.N.Y.2001) .............................................................. 12

*Flores v. Fergiss Inc.,*
    *2014 WL 1123638, at *2 (D.Or., 2014)* ...................................................................... 11

*Hensley v. Eckerhart,*
    , 461 U.S. 424, 440 (U.S.S.C., 1983) .......................................................................... 14

*Hensley v. Eckerhart,*
    461 U.S. 424, 433 n. 7 (1983) ...................................................................................... 4

*Hoffman v. Constr. Protective Services, Inc.,*
    541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008)................................ 29

*In re Arbration Between Okyere and Houslanger & Associates, PLLC,*
    2015 WL 4366865, at *24 (S.D.N.Y.,2015) ................................................................. 12

*In re E. Sugar Antitrust Litig.,*
    697 F.2d 524, 533 (3d Cir. 1982) ................................................................................ 27

*Johnson v. Georgia Highway Exp., Inc.,*
    488 F.2d at 714 (5th Circ. 1974) ................................................................................... 3

*Kay v. Ehrler,*
    499 U.S. 432, 435 (1991) ........................................................................... 22

*Kirsch v. Fleet St., Ltd.,*
    148 F.3d 149, 173 (2d Cir. 1998) ................................................................... 5

*Kulig v. Midland Funding, LLC,*
    2014 WL 5017817, at *6 (S.D.N.Y.,2014) .................................................... 26

*Larsen v. JBC Legal Group, P.C.,*
    588 F.Supp.2d 360, 364-65 (E.D.N.Y.,2008) ................................................. 5

*Lewis v. Coughlin,*
    801 F.2d 570, 577 (2d Cir. 1986) ................................................................... 5

*Leyse v Corp. Collection Services, Inc.,*
    545 F. Supp. 2d 334, 336 (S.D.N.Y. 2008), *report and recommendation adopted,* 557 F.
    Supp. 2d 442 (S.D.N.Y. 2008) ............................................................ 3, 10, 20

*Liang Huo v. Go Sushi Go 9th Ave.,*
    2014 WL 1413532, at *8 (S.D.N.Y.,2014) ...................................................... 4

*Louima v. City of New York,*
    2004 WL 2359943 (E.D.N.Y.,2004) .............................................................. 26

*Luessenhop v. Clinton Cnty.,*
    *N.Y.,* 558 F.Supp.2d 247, 270–71 (N.D.N.Y.2008), aff'd, 324 F. App'x 125 (2d Cir.2009)
    ......................................................................................................................... 12

*Marisol A. ex rel. Forbes v. Giuliani,*
    *111 F.Supp.2d 381, 397 (S.D.N.Y.,2000)* .................................................... 5

*Millea v. Metro-North R.R. Co.,*
    658 F.3d 154, 166 (2d Cir. 2011) ................................................................... 3

*Muise v. Allied Interstate, Inc.,*
    No. 12 Civ. 1317(TPG), 2012 WL 4044699, at *1 (S.D.N.Y. Sept. 12, 2012) ............... 20

*Murray v. Mills,*
    354 F.Supp.2d 231, 241 (E.D.N.Y.2005) ...................................................... 12

*New York Association for Retarded Children, Inc. v. Carey,*
    711 F.2d 1136, 1147–48 (2d Cir. 1983) .......................................................... 5

New York State Ass'n for Retarded Children, Inc. v. Carey,
    711 F.2d 1136, 1148 , 1147 (2d Cir.1983) .................................................... 17

*Newman and Cahn, LLP. v. Sharp,*
    388 F.Supp.2d 115, 119 (E.D.N.Y.,2005) ...................................................... 22

*Obenauf v. Frontier Financial Group, Inc.*,
    785 F. Supp. 2d 1188 (D.N.M. 2011) ................................................... 10

*Pipiles v. Credit Bureau of Lockport, Inc.*,
    886 F.2d 22, 28 (2d Cir.1989) ............................................................... 3

*Pub. Interest Research Group of New Jersey, Inc. v Windall*,
    51 F3d 1179, 1188 (3d Cir. 1995) ......................................................... 4

*Quaratino v. Tiffany & Co.*,
    166 F.3d 422, 425 (2d Cir.1997) ........................................................... 4

*Resolution Trust Corp. v. 12A Assoc.*,
    782 F. Supp. 270, 272 (S.D.N.Y. 1992) ............................................... 9

*Rodriguez v. Disner*,
    688 F.3d 645, 654-55 (9th Cir. 2012) ................................................. 27

*Rodriguez v. Pressler & Pressler, L.L.P.*,
    No. 06 Civ. 5103(BMC)(JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) ......... 20

*Rozell v. Ross-Holst*,
    576 F Supp. 2d 527, 540 (S.D.N.Y. 2008) ..................................... 4, 9

*Ruiz v. Maidenbaum & Associates P.L.L.C.*,
    2013 WL 3957742, at *5 (S.D.N.Y., 2013) ....................................... 19

*Ryan v. Allied Interstate, Inc.*,
    882 F.Supp.2d 628 at 630 (S.D.N.Y.,2012) ..................................... 19

*Sands v. Runyon*,
    28 F.3d 1323, 1334 (2d Cir. 1994) ..................................................... 26

*Savino v. Computer Credit*,
    164 F.3d 81, 87 (2d Cir.1998) ....................................................... 3, 12

*Simmons v. N.Y.C. Transit Auth.*,
    575 F.3d 170, 174 (2d Cir.2009) ......................................................... 19

*Solomon v. Allied Interstate, LLC*,
    2013 WL 5629640, at 2 (S.D.N.Y.,2013) ......................................... 19

*United States v. Beebe*,
    180 U.S. 343, 352 (1901) ..................................................................... 22

## Statutes

GBL §349.................................................................................................................................. 19

## Rules

Fed. R. Civ. P. 26(a)(1)(A)(iii) ................................................................................................ 13

## INTRODUCTION

Defendant Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP ("Abrams") submits this memorandum of law in opposition to Plaintiff's application for fees and costs. (Dkt. No. 95.)

## PRELIMINARY STATEMENT

In this application, Plaintiff's counsel seeks recovery of attorneys' fees in the amount of $186,520 for nearly 500 hours of billing and $2,803.09 in expenses. Despite the billing records, affirmations, and other evidence put forth by Mr. Kashvarez in his papers, Plaintiff's counsel fails to justify the vague, improper, and excessive nature of his billing to warrant the requested attorneys' fees in this action. The near $200,000 that Plaintiff's counsel is requesting in attorneys' fees is absolutely disproportionate considering the simplicity of this FDCPA case.

As the Court is aware, this case did not involve any dispute as to the underlying facts. There was no question that the wherefore clause in the state court action included a request for attorney's fees, and there was no dispute that the case was filed in Westchester County. Indeed, this case consisted of straightforward factual contentions making it unnecessary or an attorney with expertise of 15 years and over 85 consumer protection lawsuits for the enforcement of the Fair Debt Collection Practices Act ("FDCPA"), to spend almost 500 hours and $200,000 worth of billing. Mr. Kashvarez, however, despite his purported expertise, drafted and filed four Complaints and brought a Motion to Amend on this case that did not actually involve any factual disputes outside of the issue of damages.

Moreover, Plaintiff Larry Samms (hereinafter "Mr. Samms" or "Plaintiff") had virtually no damages as a result of the claimed violations. The only damage that Plaintiff could allege with

certainty – the economic damages in the form of attorneys' fees to change venue – he failed to disclose in disregard of the Federal Rules.

There can be no question that the jury rejected Plaintiff's claim of emotional damages because they were entirely exaggerated. It was Plaintiff's attempt to obtain these exaggerated damages that resulted in a trial whereby the jury rejected this claim that now serves as a basis for a substantial reduction in Plaintiff's attorney's fees. Furthermore, Plaintiff had every reason to expect that the jury would render the verdict that they did but insisted on going to trial nonetheless. Mr. Samms' entire emotional damage claim hinged on his knowledge of the request for attorney's fees in the state court action, and his one car ride to court in Westchester. But there was no dispute that Mr. Samms did not even know that a request for attorney fees had been made in the state court action. In addition, Mr. Samms' solitary car ride to Westchester County was not the cause of any emotional distress especially where he did not even leave his car and which the car ride would have been made in any case to the Bronx had the action been brought there instead. Plaintiff went to trial with no evidence and, as a result, the jury correctly rejected the issue of emotional injury when rendering its verdict on damages.

Although Abrams acknowledges that Plaintiff's counsel is entitled to some reasonable amount of attorney's fee, the $186,520 requested by Mr. Kashvarez is disproportionate to the degree of success he obtained for his client in the amount of $7,795.00. In fact, Abrams' offer of $7,001 in attorneys' fees to Plaintiff's counsel on July 24, 2015 was unreasonably rejected by Mr. Kashvarez who now argues that he should be compensated for spending nearly 500 hours in the prosecution of this case to achieve virtually identical results as contained in Abram's Offer of Judgment.

I.      THE STANDARD FOR RECOVERY OF ATTORNEY'S FEES

"Where a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorneys' fees in amounts to be fixed in the discretion of the court." *Savino v. Computer Credit,* 164 F.3d 81, 87 (2d Cir.1998) (*citing Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir.1989); *Emanuel v. American Credit Exch.,* 870 F.2d 805, 809 (2d Cir. 1989)). The amount of attorneys' fees and costs are determined at the discretion of the Court. *Leyse v Corp. Collection Services, Inc.*, 545 F. Supp. 2d 334, 336 (S.D.N.Y. 2008), *report and recommendation adopted,* 557 F. Supp. 2d 442 (S.D.N.Y. 2008).

In the Second Circuit, the appropriate method of calculating reasonable attorneys' fees consists of the court's consideration of all variables, including multiplying the reasonable number of hours that the case requires by the reasonable hourly rates. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *accord Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). In *Arbor Hill*, the Second Circuit explicitly instructed that district courts should "[B]ear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson*[1] factors." *Arbor*, 522 F.3d at 190. By analyzing these factors, the reasonable hourly rate calculated by the district court would reflect "the rate a paying client would be willing to pay . . . bear[ing] in mind that a

---

[1] The *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Exp., Inc.,* 488 F.2d at 714, 717-19 (5th Circ. 1974) *overruled on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989).

reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

One of the case-specific variables to be considered by the district court is the "degree of success obtained" in the underlying action in order to avoid granting a windfall of attorneys' fees where a plaintiff only received nominal damages. *Hensley v. Eckerhart,* 461 U.S. at 436 n. 12 (1983)). "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." Id.

Additionally, in determining the proper number of hours for which a defendant should be compensated, the district court should exclude "excessive, redundant, or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims*." Liang Huo v. Go Sushi Go 9th Ave.*, 2014 WL 1413532, at *8 (S.D.N.Y., 2014) (*quoting Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir.1997)). Moreover, under fee-shifting statutes, attorneys "may not be compensated at their regular hourly rates for time spent performing clerical tasks. Rather, they should be compensated at the rate for clerical employees, or, if the task at issue is the type included in overhead, they should not be compensated at all." *Rozell v. Ross-Holst*, 576 F Supp. 2d 527, 540 (S.D.N.Y. 2008). Hours that would not generally be billed to one's own client are not properly billed to an adversary. *Pub. Interest Research Group of New Jersey, Inc. v Windall*, 51 F3d 1179, 1188 (3d Cir. 1995).

When applying for fee awards, counsel should include contemporaneously created time records that specify the date, the hours expended, and the nature of the work done to justify the purported reasonableness of the fees being sought. *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d

Cir. 1998) (*citing Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12 (1983)); *Lewis v. Coughlin,* 801 F.2d 570, 577 (2d Cir. 1986); *New York Association for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir. 1983)).

II.    PLAINTIFF'S APPLICATION SEEKS TO RECOVER FOR VAGUE, EXCESSIVE AND IMPROPER ITEMS

### a. *Plaintiff's time records are vague*

Where billing records are vague, a reduction in fees is appropriate. *See ACE Ltd. v. CIGNA Corp.,* No. 00–9423, 2001 WL 1286247, at *4 (S.D.N.Y. Oct. 22, 2001); *Marisol A. ex rel. Forbes v. Giuliani, 111 F.Supp.2d 381, 397 (S.D.N.Y.,2000)* ("Although counsel is not 'required to record in great detail how each minute of his time was expended . . . counsel should [at a minimum] identify the general subject matter of his time expenditures.'"). *See also Larsen v. JBC Legal Group, P.C.*, 588 F.Supp.2d 360, 364-65 (E.D.N.Y. 2008).

Plaintiff's billing entries in numerous instances do not sufficiently describe the nature of the tasks performed by Plaintiff's counsel to allow the Court to determine whether the time expended on the task is reasonable. Instead, Plaintiff's billing records consist of a vague list of performed tasks and the hours worked.   The following table includes several, but not all, instances of vague or insufficient entries submitted by Plaintiff's counsel:

| Date | Duration | Notes |
|------|----------|-------|
| 3/16/2015 | 7.20 | Worked on complaint. |
| 4/7/2015 | 3.30 | Revised complaint. |
| 5/18/2015 | 4.00 | Drafted our first set of discovery on Defendant and served. |
| 6/4/2015 | 0.60 | Revised First Amended Complaint. Made minor revisions. Filed Second Amended Complaint. |
| 6/17/2015 | 2.40 | Continued working on opposition to MJP. |
| 6/18/2015 | 3.20 | Worked on opposition to MJP. |
| 6/19/2015 | 8.00 | Completed motion and filed. |
| 7/30/2015 | 0.90 | Research on consumer oriented requirements in order to file amended complaint. |
| 7/30/2015 | 4.00 | Worked on amended complaint. Review documents to create |

| | | additional factual basis. Filed. |
|---|---|---|
| 8/18/2015 | 3.00 | Worked on motion to amend. Pulled additional cases finding FDCPA violations to state violations of GBL, especially in the context of debt collection litigation. |
| 8/19/2015 | 7.20 | Worked on motion to amend. |
| 8/20/2015 | 4.60 | Continued to work on motion to amend. |
| 8/21/2015 | 3.00 | Completed motion to amend and filed. |
| 9/2/2015 | 4.80 | Worked on opposition to their MTD. |
| 9/3/2015 | 3.40 | Worked on opposition to their motion to dismiss. |
| 9/4/2015 | 16.00 | Completed motion to dismissal for lack of jurisdiction and filed. |
| 9/14/2015 | 3.50 | Worked on reply in support of motion to amend, and filed. |
| 9/21/2015 | 3.30 | Reviewed their Reply in support of motion to dismiss for lack of jurisdiction. Began drafting sur-reply. |
| 9/22/2015 | 8.00 | Continued working on Sur-Reply opposing their motion to dismiss for lack of jurisdiction. Completed and (sic) |
| 10/26/2015 | 3.50 | Worked on settlement demand letter. |
| 10/28/2015 | 1.60 | Continued working on settlement demand. Served. |
| 12/6/2015 | 6.00 | Worked on our MSJ. |
| 12/9/2015 | 7.00 | Worked on our MSJ. Filed. |
| 12/11/2015 | 2.50 | Worked on opposition to their MSJ. |
| 12/14/2015 | 5.00 | Worked on opposition to their MSJ. |
| 12/15/2015 | 13.30 | Worked on MSJ opposition. |
| 12/16/2015 | 15.40 | Continued working on opposition to their MSJ. Filed. |
| 12/21/2015 | 7.00 | Worked on our Reply. |
| 12/22/2015 | 8.00 | Worked on reply to their opposition to our MSJ. |
| 12/23/2015 | 1.30 | Completed reply and filed. |
| 1/13/2016 | 5.50 | Letter to court about discrepancies. |
| 1/14/2016 | 9.00 | Prepared for MSJ oral argument and oral argument itself. |
| 1/22/2016 | 2.50 | Worked on letter for calculation of errata sheet deadline in support of letter to court and drafted letter. |
| 4/2/2016 | 8.00 | Lengthy meeting with client and with client's son regarding trial preparation, case status. Traveled to rehabilitation center in the Bronx. |
| 4/4/2016 | 8.00 | Continued working on objection to their pretrial witnesses and worked on motion in limine. |
| 4/7/2016 | 2.60 | Worked on jury charge. |
| 4/8/2016 | 4.50 | Worked on jury charge. |
| 4/10/2016 | 6.00 | Worked on jury charge and joint order. |
| 4/11/2016 | 15.00 | Continued working on jury charge and joint pretrial order, filed. |
| 4/13/2016 | 5.00 | Drafted and filed voire dire. Reviewed their proposed voire dire. |
| 4/14/2016 | 11.00 | Drafted letter to court outlining Plaintiff's argument. Research for tomorrow's hearing. Outlining of (sic) |
| 4/16/2016 | 10.20 | Trial preparation. Witness interviews. Typing outline of questions. |
| 4/17/2016 | 14.00 | Trial preparation. |

| 4/30/2016 | 8.00 | Worked on letter brief on injunctive relief. |
|-----------|------|----------------------------------------------|
| 5/1/2016 | 8.00 | Continued working on letter brief for injunctive relief. |
| 5/2/2016 | 13.00 | Worked on brief regarding injunctive relief. |
| 5/3/2016 | 9.00 | Worked on briefing on injunctive relief. |
| 5/3/2016 | 6.30 | Completed our opposition to their letter motion on treble damages and filed. |
| 5/11/2016 | 6.00 | Worked on fee petition. |
| 5/12/2016 | 8.00 | Worked on fee petition. |
| 5/13/2016 | 7.00 | Worked on fee petition. |
| 5/14/2016 | 5.00 | Worked on fee petition. |
| 5/15/2016 | 5.50 | Worked on fee petition. |
| 5/16/2016 | 9.00 | Worked on fee petition. |
| 5/17/2016 | 6.00 | Worked on fee petition. |

In these entries, Plaintiff's counsel neglects to include enough information to justify the purported reasonableness of his billed hours. Specifically, Plaintiff's counsel does not provide a breakdown of the alleged tasks performed but instead includes descriptions like "worked on complaint," "worked on MSJ opposition," and "worked on fee petition," which simply does not provide this Court with enough probative information to ascertain if the alleged work and time spent was actually reasonable particularly given that in this case Abrams claims the fee award should not include any fees for the GBL §349 claim. Plaintiff's records make it impossible for the Court to discern to which claims Plaintiff's counsel's bill entries relate. Instead, Plaintiff's counsel merely presents a lump sum of hours next to a broad description of performed tasks and expects this Court to accept these numbers at face value. *Hensley,* 461 U.S. 424, 437 n. 12.

Plaintiff's counsel also does not specify the work conducted by Mr. Keshavarz as opposed to work performed by one of his associates, or clerical staff but instead provides a broad summary of the tasks executed. Although Mr. Keshavarz had two associates (Michael Pereira and Lauren Parnes) who assisted him on this case, there is no indication at all in the billing records that anyone other than Mr. Keshavarz worked on this case. Specifically, the records do not identify the attorney who performed the work conducted but simply proffer already vague entries and presumably

expects the Court to accept that Mr. Keshavarz personally performed all of the listed work. Plaintiff's counsel fails to reference *anywhere* in his Declaration and accompanying Memorandum of Law that he even had any associate assist him in preparation of this case. Neither of his associates are as much as mentioned. ████████████████████████████████ ████████████████████████████████████████████████ (See retainer agreement attached to Genovesi Declaration as "Exhibit H")

Since an associate would call for a much lower hourly rate than the $400 hourly rate sought by Mr. Keshavarz, Plaintiff's counsel should then not be compensated at his requested hourly rate for the hours spent by his associates on this case. Plaintiff's counsel's associates, Michael Pereira and Lauren Parnes appeared at conferences at trial and on virtually all emails, but neither have recorded a single time entry and plaintiff's billing records do not indicate the identity of who performed the particular tasks. Moreover, upon information and belief, Mr. Keshavarz has no clerical staff in his office which means either that there was no clerical staff, no clerical work or tasks performed on this case, or that Mr. Keshavarz's billing incorporates time for all of the tasks that could have been performed by clerical staff or one his associates but is billed at a much more substantial hourly rate. Vast portions of Mr. Keshavarz's billing records involve the processing of paper in connection with discovery and motions (which are likely similar or identical to the discovery and motions filed in the numerous other nearly identical cases brought by Mr. Keshavarz) and could have and should have been performed by clerical staff or one of his associates.

Plaintiff's counsel's billing records reveal numerous clerical tasks:

| 5/18/2015 | 4.00 | Drafted our first set of discovery on Defendant and *served*. |
| 6/19/2015 | 8.00 | Completed motion and *filed*. |
| 7/30/2015 | 4.00 | Worked on amended complaint. Review documents to create |

| | | additional factual basis. *Filed*. |
|---|---|---|
| 8/21/2015 | 3.00 | Completed motion to amend and *filed*. |
| 9/4/2015 | 16.00 | Completed motion to dismissal for lack of jurisdiction and *filed*. |
| 9/14/2015 | 3.50 | Worked on reply in support of motion to amend, and *filed*. |
| 10/28/2015 | 1.60 | Continued working on settlement demand. *Served*. |
| 12/9/2015 | 7.00 | Worked on our MSJ. *Filed*. |
| 12/16/2015 | 15.40 | Continued working on opposition to their MSJ. *Filed*. |
| 12/23/2015 | 1.30 | Completed reply and *filed*. |
| 4/11/2016 | 15.00 | Continued working on jury charge and joint pretrial order, *filed*. |
| 5/3/2016 | 6.30 | Completed our opposition to their letter motion on treble damages and *filed*. |

(Emphasis added).

Since Plaintiff's counsel does not differentiate between the amount of time spent performing legal work and time spent performing clerical work, this Court can only speculate as to how much time Plaintiff's counsel actually spent conducting clerical tasks. Regardless of whether it was Mr. Keshavarz himself or a secretary performing these tasks, Plaintiff's counsel should not be compensated at his requested hourly rates, or should not be compensated at all for time spent performing clerical tasks. *Rozell*, 576 F. Supp. 2d at 540.

Likewise because the proffered billing entries are silent on which attorney performed the listed tasks, the Court is also left to speculate as to who performed the work and the Court has no basis to assess the reasonable hourly rate for work that was – or could have been – performed by Mr. Keshavarz's associate. Without providing more specific time sheets or similar documentation of the exact hours spent on this case by each individual from Plaintiff's counsel's office, there is no way for this Court to ensure that there was no padding or double billing of services for these disproportionate hours alleged to have been expended by Plaintiff's counsel. *See Resolution Trust Corp. v. 12A Assoc.*, 782 F. Supp. 270, 272 (S.D.N.Y. 1992) (Request for attorneys' fees were stricken altogether where counsel double-billed for the same service).

It follows that Plaintiff's counsel's cursory estimation of the hours spent without proper

justification or description is simply not enough to meet the legal standard and as such, Plaintiff's counsel should not be compensated for any of his billing entries as they are all vague as to what work was done and by whom.

### b. Plaintiff's invoices include excessive and duplicative entries which are not recoverable

The $186,520.00 in attorneys' fees requested by the Plaintiff is also excessive in light of the circumstances of this case. Specifically, this request is excessive given the "degree of success obtained" in the amount of $7,795. *Hensley*, 461 US 424, 436. Thus, downward adjustment of attorneys' fees is warranted based on this nominal amount of recovery. *See Obenauf v. Frontier Financial Group, Inc.*, 785 F. Supp. 2d 1188 (D.N.M. 2011) (Downward adjustment was warranted where Plaintiff obtained less than one-fortieth of the reward he sought under the Fair Debt Collection Practices Act and facts that his lawsuit, which established at most a technical violation of the FDCPA, did not resolve a significant issue and served little if any public purpose).

Here, Plaintiff's counsel is requesting compensation for an *astonishing* number of hours billed without providing enough information to rationalize the hours purportedly expended. Similar to *Leyse v Corp. Collection Services, Inc*., 545 F Supp. 2d 334, 337, the time entries made by Plaintiff's counsel here are "excessive, vague, and seemingly unnecessary." In *Leyse*, the Defendant argued that "6.5 hours billed to 'background research' with no further explanation is vague, that 3.9 hours billed to researching settlement issues seems improper as no settlement discussions were ever initiated by Plaintiff's counsel at any point during the case, and that 7.5 hours billed for brief court conferences seems excessive." *Leyse*, 545 F. Supp. 2d 334, 337. Here, Plaintiff's counsel requests payment for excessive billing such as 16 hours of "complet[ing] motion to dismissal for lack of jurisdiction and filed" and 15.4 hours of "continu[ing] working on opposition to their MSJ. Filed" with no further explanation or justification of the hours spent.

Mr. Kesharavz is also seeking fees for 16.1 hours of time in connection with his intake of this matter and for drafting of the Complaint. (Dkt. No. 1) Plaintiff's individual claims, however, were straightforward and would have required little time to draft – especially for an attorney who purportedly has great experience and expertise in litigating FDCPA claims where the majority of the additional allegations in the Complaint consisted of boilerplate assertions. Despite this expertise, Mr. Keshavarz's submission states that it took him 10.5 hours to draft just the first of many Complaints in this case.

Additionally, Plaintiff's counsel seeks compensation for 26.7 hours spent on drafting the Motion to Amend. (Keshavarz Memorandum [Dkt. 96] at p. 9). In total Plaintiff filed six complaints in this action – [Dkts. 1, 11, 13, 18, 22, 44] (The Third Amended Complaint was filed twice – once before leave and once after leave) Plaintiff's counsel arguably should have gotten the Complaint right the first time around instead of the *sixth* time he filed the Complaint. Likewise, Plaintiff filed five Rule 26 automatic disclosures even though his billing records indicate he had been billing Mr. Samms for work since December 11, 2014 – four months prior to filing the Complaint in this action on April 9, 2015.

Although Plaintiff's counsel drafted six complaints, he should be limited to a reasonable bill for a single complaint. *See, e.g., Flores v. Fergiss Inc., 2014 WL 1123638, at *2 (D.Or., 2014)* ("[I] find the time excessive. I grant attorney fees for the time counsel spent researching (2 hours) and grant 30 minutes per page for drafting the Complaints (a total of 5 hours)."); Turner, 405 F. Supp. 2d at 931

Mr. Keshavarz also seeks fees for approximately 37.7 hours of "discovery." Again, the time claimed for discovery is excessive, both generally and in light of the fact that this Court directed the exchange of discovery on a strict schedule and on a timely manner.

As noted above, Plaintiff's attorney seeks more than 46.5 hours in fees to draft his fee application. (Dkt. Nos. 97-1 at p. 6) Even apart from the fact that Mr. Keshavarz has made this exact motion in prior cases, those sums are unjustifiable. Although Plaintiff is entitled to some compensation for the application, an award for the hours he seeks is excessive. *See In re Arbration Between Okyere and Houslanger & Associates, PLLC*, 2015 WL 4366865, at *24 (S.D.N.Y.,2015) (reducing hours on Mr. Keshavarz' fee application to 25 hours); *Luessenhop v. Clinton Cnty., N.Y.,* 558 F.Supp.2d 247, 270–71 (N.D.N.Y.2008), aff'd, 324 F. App'x 125 (2d Cir.2009) (reducing hours on application to 30 hours); *See Murray v. Mills,* 354 F.Supp.2d 231, 241 (E.D.N.Y.2005) (citations omitted) (noting awards range from five to fifteen hours for fee applications in routine cases); *See Savino v. Computer Credit, Inc.,* 71 F.Supp.2d 173 (E.D.N.Y.1999) (reducing the number of compensable hours from the claimed amount of forty to a total of five in a FDCPA case). *See Fink v. City of New York,* 154 F.Supp.2d 403, 412–13 (E.D.N.Y.2001) (awarded a generous thirty hours for the motion for attorney's fees after a six-day jury trial, eight depositions, and 17,000 pages of documents).

Since Plaintiff's counsel cannot justify the excessive and duplicative nature of his submitted entries, it follows that this Court should drastically reduce the requested amount of attorney's fees in the instant application.

### c. *Plaintiff's time includes subject matter not properly recoverable*

Mr. Keshavarz's billing records include categories of items billed which are either entirely unrelated to the prosecution of this action or for which Plaintiff should not be entitled to recover. For instance, Mr. Keshavarz has submitted five billing entries totaling 1.1 hours concerning the state court action which are not properly billed in this case. [12/15/14-.20, 12/30/14-.50, 1/2/15-.20, 1/3/15-.10, 5/15/15-.10, 5/20/15-.10]. Mr. Keshavarz also improperly billed .8 hours for time

to obtain a state court attorney for Mr. Samms [Plaintiff's "Exhibit 1" at 12/11/14 .10] and again on January 24, 2015 [.70] which costs are not properly billable to this case.

In addition, Mr. Keshavarz should not be permitted to recover any fees concerning the General Business Law §349 claim. First, because Plaintiff cannot as a matter of law establish the necessary requirement that he was a "prevailing party." The statute explicitly provides that "[t]he court may award reasonable attorney's fees to a prevailing plaintiff." Deceptive Acts and Practices Unlawful, NY Gen Bus § 349. Here based on the interrogatory to which Plaintiff did not object to be presented to the jury, Plaintiff cannot establish that he qualifies as a prevailing plaintiff. Here, the interrogatory presented to the jury was as follows "we the jury find that Plaintiff is entitled to the following damages proximately caused by Defendant's misconduct: $_____, in economic damages, if any; $_____, in physical and psychological damages, if any." It is entirely speculative for the Court to assume Plaintiff prevailed on the GBL §349 claim for the purpose of an award attorney's fees pursuant to GBL §349 based on the interrogatory returned by the jury. The interrogatory presented to the jury was fashioned in such a way that the Court can only speculate as to whether the jury found injury as required by GBL §349.

To have found injury the jury must have reached the conclusion that the inclusion of the request for fees in the wherefore clause of the state court complaint resulted in actual injury. However, the evidence proffered on this issue at trial in the form of Mr. Samms' deposition testimony demonstrated that Mr. Samms *was not even aware* of a request for attorney's fees in the state court complaint.

Abrams requested separate interrogatories for the attorneys' fee request and distant forum claims for precisely this reason and specifically objected to the single interrogatory presented to the jury. By contrast, Plaintiff's counsel did not object and has since sought treble damages, injunctive relief, and now attorney's fees based on the assumption that the jury found actual

damages stemming from the request for attorney's fees of which Mr. Samms testified he was not aware of. It is respectfully submitted that if all of these various forms of relief were so important to Plaintiff then Plaintiff should have requested interrogatories tailored to the separate causes of action he was pursuing. Not having done so, it is respectfully submitted, it is not unfair for any of these applications to be determined based on the assumption that the jury found a violation of GBL § 349 but that such request has been waived.

Where, as here, "plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (U.S.S.C. 1983) Plaintiff's unsuccessful prosecution of the GBL claim entailed discovery and proof of issues such as the consumer oriented nature of the challenged conduct and willfulness which were entirely unrelated to the FDCPA issues in this case. Although the FDCPA and GBL claims both have as their basis Abrams' request for attorney's fees, the Court determined that the request for fees constituted a violation in deciding Abrams' motion for judgment on the pleadings. Plaintiff then engaged in substantial billing in discovery and motion practice which was entirely unrelated to the FDCPA claim, which is the only claim on which it can be said that Plaintiff has prevailed.

Plaintiff billing records include substantial hours for work on the GBL §349 claim including the drafting of Plaintiff's Original Complaint, [Dkt. 1], and Plaintiff's First Amended Complaint [Dkt. 11], and Plaintiff's Second Amended Complaint [Dkt. 13]. The 349 claim was then dismissed on Defendant's motion for judgment on the pleadings, [Dkt. 21], and again drafted back into Plaintiff's Third Amended Complaint [Dkt. 22] which was filed without leave of Court. At the court conference conducted on August 7, 2015 and Plaintiff requested and received leave to move for leave to amend his Complaint yet again. [Dkt.24]. Plaintiff's motion was granted which resulted in Plaintiff's filing of a Third Amended Complaint [Dkt. 44] on October 26, 2014

which was for the sole purpose of asserting the GBL claim. Plaintiff then expended substantial

time pursuing unrelated complaints filed by Abrams – to prove the "consumer oriented" nature of

Abrams conduct and to establish willfulness. Plaintiff then moved for and opposed summary

judgment on the GBL 349 claim. Plaintiff then tried the GBL 349 claim and submitted two post-

trial briefs on damages only available to prevailing parties on GBL §349 claims.

Thus a substantial, if not the majority of time expended by Plaintiff in this action concerned

the GBL §349 claim – all of which culminated in Plaintiff's decision not to specifically ask the

jury whether any injury arose as a under this claim as result of the request for attorney's fees.

Therefore, none of this time is properly compensable.

Moreover, by failing to include details in his time entries regarding the specific aspects of

the case on which Mr. Keshavarz worked, counsel has made it impossible for this Court to know

what hours of his billing relate directly to the GBL claim. The list below details billing entries

which relate only to the GBL 349 claim – but do not include the time billed for Plaintiff's motion

for summary judgment on GBL §349, for opposing Defendant's motion for summary judgment on

GBL 349, for opposing Defendant's motion for judgment on the pleadings or for any combined

discovery items like depositions which could easily amount to an additional 100 hours.

| 7/30/2015 | .90 | Research on consumer oriented requirements in order to file amended complaint. |
| 7/31/2015 | 4.00 | Worked on Amended Complaint. Review Documents to create addition factual basis. Filed. |
| 8/18/2015 | 3.00 | Worked on motion to amend. Pulled additional cases finding FDCA violations to state violations of GBL. |
| 8/7/2015 | .40 | Call with opposing counsel and court regarding discovery and amended complaint (2.0 for discovery) Follow up call with court regarding the same, and preparation for said hearing. [Abrams Note 2.0 for discovery was omitted] |
| 8/19/2015 | 7.20 | Worked on motion to amend. |
| 8/20/2015 | 4.60 | Continued to work on motion to amend. |
| 10/28/2015 | 2.00 | Calls with opposition counsel regarding consumers still not disclosed who were sued seeking fees but where fee were not allowed. Correspondence regarding the same. Review of court files and their |

| | | |
|---|---|---|
| | | discovery responses in preparation for calls. Call to court regarding scheduling. |
| 9/14/2015 | 3.50 | Worked on reply in support of motion to amend, and filed. |
| 10/28/2015 | 1.60 | Continued working on settlement demand. Served. |
| 11/30/2015 | .20 | Call from opposing counsel regarding their failure to comply with court orders to produce information. |
| 12/6/2015 | 1.00 | Compared Defendants amended discovery answers with their original answers and the court files we pulled. Noted that they had not disclosed four consumers on either list, and an additional consumer only on one list. Emailed opposing counsel with attachment of court files, explained the discrepancies, asked to set up time to speak with each other and with the court. |
| 1/13/2016 | 1.00 | Call with opposing counsel and chambers regarding failure to completely disclose the consumers who Defendant sued demanding attorney's fees when not authorized by law, but who Defendant still have not disclosed, despite being ordered by the court. |
| 1/13/2016 | 5.50 | Letter to Court about discrepancies. |
| 4/25/2016 | .20 | Email to opposing counsel again asking to jointly call court regarding injunctive relief. Call with opposing counsel, and then two call to chambers regarding whether the court wanted briefing on the issue of (sic). |
| 4/25/16 | 1.50 | Worked from home. Review of their GBL 349 letter and research beginning with the cases they cited and proceeding from there. |
| 4/27/2016 | .20 | Correspondence with opposing counsel regarding consent to re-set deadline to file response to their letter regarding treble damages, and our letter for injunctive relief. Joint call to court and obtained consent for (sic) |
| 4/28/2016 | 5.00 | Research on issue of treble damages under GBL 349 in response to their letter brief. |
| 4/28/2016 | 3.00 | Research on injunctive relief issue for our trial brief. |
| 4/30/2016 | 8.00 | Worked on letter brief on injunctive relief. |
| 5/1/2016 | 8.00 | Continued working on letter brief for injunctive relief. |
| 5/2/2016 | 13.00 | Worked on brief regarding injunctive relif. |
| 5/3/2016 | 9.00 | Worked on briefing on injunctive relief. |
| 5/3/2016 | 6.30 | Completed our opposition to their letter motion on treble damages and filed. |
| TOTAL | 89.1 | |

Again, the 89.1 hours recited above does <u>not</u> include time billed by Plaintiffs' counsel opposing Defendant's Motion for Judgment on the Pleadings, Defendant's Motion to Dismiss for Lack of Jurisdiction, Plaintiff's Motion for Summary Judgment or opposing Defendant's Motion

for Summary Judgment. Yet, Mr. Keshavarz's application claims he billed 133.5 hours for these motions. (Dkt. 96, Keshavarz Memorandum at p. 9)

Thus nearly half of all of Plaintiff's attorney's billing concerning the GBL 349 claim only culminated in Plaintiff's counsel electing to not even ask the jury whether they found Plaintiff had any injury as a result of the request for attorney's fee under this claim. On these facts it follows that any hours Plaintiff's counsel billed in direct relation to the GBL claim should not be compensated.

### d. Plaintiff's time entries appear not to have been contemporaneously created

The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148, 1147 (2d Cir.1983) The failure to submit contemporaneous time records as required by *Carey* must result in denial of the motion for fees.

The billing records submitted in support of this application appear not to have been created contemporaneously with the recorded entries. The first indication of non-contemporaneous recordkeeping was as a result of Plaintiff's counsel's telephone call to Abrams on May 9, 2016 inquiring about settlement after moments earlier the Court set a briefing schedule for the fee application. Mr. Keshavarz wanted to discuss settlement and in his own words, he stated that his hours were "outrageous" and that they totaled $220,000. Mr. Keshavarz inquired whether Abrams was interested in making an offer. In response, Abrams requested Mr. Keshavarz provide his billing records so than an offer could be contemplated. Mr. Keshavarz refused and requested that Abrams instead make an offer against the $220,000 without any documentary evidence.

Although Plaintiff's counsel represented that his fees amounted to $220,000 *prior* to submitting his fee application, Mr. Keshavarz papers now claim that his fee amounts to $197,640 before exercising "billing judgment" which reduces the total amount sought to $186,520. Nowhere in his Declaration and accompanying Memorandum of Law does Plaintiff's counsel explain why on May 9, 2016 he represented his fees amounted to $220,000 yet on this motion they are $197,640(which amount does not include the reduction for "billing judgment"). That is more than a $20,000 difference which at $400 an hour amounts to 50 hours. Even worse, on May 9th Mr. Keshavarz had not yet commenced work on his fee application for which he billed an additional 46.5 hours – which means on May 9, 2016 Mr. Keshavarz bill amounted to $179,040 – yet he represented to Abrams that his bill was for $40,960 more. I submit Plaintiff's counsel did not lose 50 hours of time between May 9, 2016 and May 14, 2016. In addition, if defies reason that Plaintiff's counsel would refuse to produce his billing records to Abrams on May 9, 2016 when just a few days later on May 14, 2016 the records would be attached to his application as an exhibit.

Additional indications that Plaintiff's attorney's records are not contemporaneous include the absence of any time entries for either of Mr. Keshavarz's two associates; a circumstance which implies several deficiencies, but in this instance calls into question how billing records could be contemporaneous if they fail to record any of Plaintiff's counsel's associates' time. Mr. Keshavarz billing records also misstate the date the trial concluded as April 21, when in fact the trial ended on April 20, 2016

Additionally, the vagueness and repeated, large round time entries found in the billing records lend further credence to the argument that the proffered records appear not to be contemporaneously documented. For instance, Mr. Keshavarz's billing records contain 149 entries – 55 of which are for whole hours (i.e., 1.00, 3.00, 4.00, 8.00. 16.00, 15.00, 14.00). It is submitted that where more than one-third of all Plaintiff's billing entries follow such a pattern they

are a product of block-billing or after-the-fact approximation of time; neither of which satisfy Plaintiff's obligation on this motion.

III. THE HOURLY RATE PLAINTIFF'S ATTORNEY SEEKS IS EXCESSIVE

The "forum rule" requires courts in the Second Circuit to "use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir.2009)

Plaintiff's attorney's papers state: "[i]n the case at bar, Mr. Keshavarz has fifteen years of experience is seeking a $375 hourly rate." (Keshavarz Memorandum at p. 16). Then one page later Mr. Keshavarz refers to attached declarations which were "submitted supporting $400 hourly rate sought by the undersigned." (Keshavarz Memorandum at p. 17). Both of the hourly rates sought in Plaintiff's attorney's application are at the high end of rates awarded for FDCPA work in this district and in neighboring districts as well. In *De La Paz v. Rubin & Rothman, LLC*, 2013 WL 6184425, at *6 (S.D.N.Y.,2013) the court deemed $400 an hour an appropriate rate for a Yale graduate with thirty-years of experience. In *Ruiz v. Maidenbaum & Associates P.L.L.C.*, 2013 WL 3957742, at *5 (S.D.N.Y., 2013) (deeming reasonable an hourly rate of compensation of $300 and observing, in an FDCPA case involving an award of attorneys' fees to Fishman & Mallon, LLP, that "[i]n this District, courts have found attorneys' fees ranging from $225 to $375 reasonable for civil litigators working in small firms." (internal citations and quotations omitted)); *Ryan v. Allied Interstate, Inc.*, 882 F.Supp.2d 628 at 630 (S.D.N.Y.,2012) (awarding plaintiff's counsel, a firm partner with over two decades of legal experience, an hourly rate of $300 in an FDCPA case); *Solomon v. Allied Interstate, LLC*, 2013 WL 5629640, at 2 (S.D.N.Y.,2013) (reducing award of attorneys' fees in FDCPA action to an hourly rate of $125 because "no reasonable client would pay nearly $4,000 to collect only $1,000"); *Muise v. Allied Interstate, Inc.*, No. 12 Civ. 1317(TPG), 2012 WL 4044699, at *1 (S.D.N.Y. Sept. 12, 2012) (in FDCPA case that

settled prior to the opening of discovery, hourly attorney rates ranging from $100 to $200 deemed "more than adequate to ensure that firms . . . will continue to bring meritorious FDCPA cases"); *Leyse,* 545 F.Supp.2d at 336–37 (deeming reasonable an hourly rate of $225 in FDCPA class action where attorney had a decade of practice and experience in similar consumer protection lawsuits); *Kapoor,* 269 F.Supp.2d at 15 (capping hourly fee rate at $225 in FDCPA action involving counsel with extensive consumer fraud experience); *cf. Rodriguez v. Pressler & Pressler, L.L.P.,* No. 06 Civ. 5103(BMC)(JO), 2009 WL 689056, at *1 (E.D.N.Y. Mar. 16, 2009) (approving hourly rates of $450 and $300 for FDCPA attorneys); *Richardson v. Professional Recovery Systems, LLC,* No. 07 Civ. 3666(BMC) (E.D.N.Y. Nov. 26, 2007) (approving hourly rate of $300 for attorney working on unopposed fee application in FDCPA case). It follows that Mr. Keshavarz's requested hourly rate is excessive, especially when coupled with the nature of Plaintiff's retainer agreement and counsel's conduct in this action.



*a.*

---

[2] Plaintiff requested, and the Court preliminarily ordered, that the retainer agreement be maintained confidential. Defendant submits there is no basis for the retainer agreement to be kept confidential.







**b. Plaintiff's hourly rate should be adjusted based upon his conduct**

First, in *Kulig v. Midland Funding, LLC*, 2014 WL 5017817, at *6 (S.D.N.Y., 2014). The court denied Mr. Keshavarz's application for class certification. The Court cited various instances of misconduct in denying the motion for class certification including counsel's failure to communicate to Plaintiff a class-wide settlement offer, holding that Mr. Keshavarz "reveals a fundamental misunderstanding regarding a bedrock, mandatory professional duty applicable to any attorney-client relationship. The discussion and evaluation of settlement offers is perhaps the single most significant point of contact between class counsel and a class representative throughout the pendency of the action. In *Kulig* Mr. Keshavarz provided a companion document attached to his retainer agreement which stated as follows:

> [B]ecause this is a class case, you must make decisions that are fair to everyone else in the class .... This includes making decisions about whether to settle the case. If the Defendant wants to settle just with you, you need to think about your responsibilities to the class. Just like a politician shouldn't sell out his constituents by taking a bribe, you need to think of the class before settling the case. *Id.* at 6.

The Court was not only critical of Mr. Keshavarz's view that Ms. Kulig's acceptance of an

offer, prior to class certification, is a betrayal of the class or comparable to "a politician . . . sell[ing] out his constituents by taking a bribe," but also took notice of prior similar conduct:

> The Court also notes that this is not the first time a court has taken notice of troubling conduct by plaintiff's counsel in connection with individual settlement offers in the context of another FDCPA class action suit. In *Mayorga v. First Resolution Inv. Corp.,* 12–cv–587 (DLI)(VVP) (E.D.N.Y.), Mr. Keshavarz, representing the plaintiff, filed a motion to certify a class and requesting a stay of briefing pending discovery as to class issues. *Id.,* Dkt. No. 4. The motion was filed within two weeks of the filing of the complaint, and before defendants had been served. *Id.* Counsel attached a letter to the certification motion explaining that he filed the motion in order to preclude the possibility of defendant making a settlement offer of complete relief to the individual plaintiff before the certification motion was filed. *Id.,* Dkt. No. 4–6. In an order striking plaintiff's motion to certify the class, Judge Irizarry found counsel's request to file the motion at that juncture "absurd," and further stated that "it is unconscionable for plaintiff to make a motion for class certification simply to avoid plaintiff's recovery from defendant. The court takes a dim view of this practice." *Id.,* Order, Dkt. Entry Dated Feb. 21, 2012. This Court takes judicial notice of Judge Irizarry's order.

> *id*, at *6 (S.D.N.Y.,2014)

Despite Mr. Keshavarz's representations to the contrary in his motion papers, he made no serious effort to settle this case. Without Plaintiff having made a demand, Abrams made a blind settlement offer of $5,000 in May of 2015. Thereafter on July 24, 2015 Abrams made an Offer of Judgment of $7,001. (See Offer of Judgment annexed to Genovesi Declaration as "Exhibit I"). Mr. Keshavarz rejected Abrams' $5,000 offer three months later on August 4, 2015 and Mr. Keshavarz never responded to Abrams $7,001 offer which expired by its terms. The technique employed by Mr. Keshavarz's was to simply ask Abrams to make another offer. Despite a series of conversations in which it was expressed that Abrams was not going to simply keep making offers in the hope that one would be accepted; but that it was expected that Plaintiff would at some point make a demand, no demand was forthcoming until October 28, 2015 when Plaintiff demanded $280,000 (or $392,000 depending on how the settlement documents were exchanged).

Against this background, the Second Circuit has held that a district court can take into account the sequence of settlement discussions when assessing the "reasonableness" of the fees requested. *See Sands v. Runyon*, 28 F.3d 1323, 1334 (2d Cir. 1994) (a district court can consider settlement offers in making a fee award). ████████████████████████████

████████████████████████████████████████

████████████████████████████ ████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ ██████████████████████

████████████████████████████████████████

██████████████████████████ Therefore, although settlement misconduct (without more) may not be a reason for the *outright* denial of fees, *see Cabala v. Crowley*, 736 F.3d 226, 230-31 (2d Cir. 2013), a court can consider the non-transmission of settlement offers and like instances of litigation misconduct in determining what amount of fees can be reasonably recovered. *See, e.g.*, *Sands*, 28 F.3d at 1334; *Louima v. City of New York*, 2004 WL 2359943 (E.D.N.Y., 2004) (reducing portion of the attorney's fees awarded to plaintiff's co-counsel in light of the firm's withdrawing from the representation without cause and for disclosing client confidences).

As applied to the facts of this case, Mr. Keshavarz's misconduct had the effect of prolonging this case and increasing his fees, which appears to have been his aim. The misconduct identified should not be rewarded through payment of over $186,520 to Mr. Keshavarz, thereby encouraging similar misconduct by him and by attorneys in other cases.

For these reasons, the requested fees by Mr. Keshavarz should be dramatically reduced, even apart from the many other considerations discussed below. *See, e.g.*, *Rodriguez v. Disner*,

688 F.3d 645, 654-55 (9th Cir. 2012) ("[A] district court may consider a lawyer's misconduct, which affects the value of the lawyer's services . . ."); *In re E. Sugar Antitrust Litig.*, 697 F.2d 524, 533 (3d Cir. 1982) (affirming denial of fees awarded for services after the date on which counsel should have disclosed a conflict of interest).

Finally, in *Khan v Midland Funding, LLC* 12-cv-08462 (RJS) (S.D.N.Y.) the Court addressed Mr. Keshavarz's strategic determination to demand discovery against Defendant Rubin & Rothman in the face of undisputed evidence that the Defendant did nothing wrong. (See Khan v Midland Transcript at page 24, line 13 annexed to Genovesi Declaration as "Exhibit G")

> THE COURT: I'm probably gonna grant your motion for the judgment on pleadings, because I think the complaint is woefully inadequate. I don't know why you didn't make a motion to dismiss. It's woefully inadequate with respect to -- so that's probably going to happen. Let's just do that.
>
> Mr. Keshavarz, I just think you have got a strategy here which is to sort of create the most pain, early, and you think that gives you leverage. I mean it might work, it might not work. But I tell you, ultimately, I'm going to decide what happens on attorneys fees. And you have blown an hour of my time, you have blown a couple of hours of my time with the submissions, and I am gonna remember that. And so you know if you want all of these things, you want to go after them because you think that you have got them in your sights, I think you pled a bad complaint against them. I think the summary judgment will probably even be stronger.
>
> MR. ARLEO: I would rather do summary judgment.
>
> THE COURT: Keep track of what you spend here.
>
> MR. SCHWARTZ: I served him --
>
> THE COURT: I'll stay discovery in the interim with respect to Rubin & Rothman, because I think it can't be -- the whole system breaks down if this is just a game where the goal is to exact as much pain as possible to use the admissions process to sort of a gotcha. And I just -- I don't like -- I don't like the way you are approaching this, Mr. Keshavarz. So I certainly have the discretion to stay discovery, I will decide the motion.
>
> MR. KESHAVARZ: Okay. If I --

MR. ARLEO: We did serve you with the Rule 11 notice, safe harbor by e-mail, in case you didn't get the –

MR. KESHAVARZ: The motion for judgment on the pleadings, their basis for their motion for judgment on the pleadings is that a communication between one debt collector and another is not actionable under the --

THE COURT: You thought that it might be granted just because you have pled no facts to suggest that there was any communication by them that led to the violation that you are speaking of. You are just -- you're surmising that because they were involved in something in 2007, they must have been involved in something in 2011. That's not enough under Iqbal and Twombly, and that's the reason I am likely to grant this stay. So if you want to make your complaint, you can do that, just turn this whole thing into a circus. But, you know, look, I brought you guys in here because I thought we could get to the point where we are really focused on issues that matter to your respective clients. But I don't think clients matter much here, I think this is really about something else, not clients. So, I don't feel we have much choice other than making the motions. So, discovery is stayed. And then we'll see where we are.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ Mr. Keshavarz employed a similar strategy in connection with Plaintiff's Rule 26 automatic disclosure which ensured this case would not settle or resolve by Rule 68 Offer of Judgment. Having participated in many federal cases, Plaintiff's counsel is of course cognizant the Rule 26 requirement that each "party must, without awaiting a discovery request, provide to the other parties: **(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii).

Rule 26(a) requires a party, in addition to providing a calculation of damages, to make

"available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which such computation is based." Fed. R. Civ. P. 26(a). The Advisory Committee Notes to Rule 26(a)(1)(c) accompanying its promulgation make clear that the rule "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." Fed. R. Civ. P. 26 Advisory Committee Notes to 1993 Amendments. Failure to disclose a calculation of damages and the documents supporting that calculation constitutes a violation of Rule 26. *Design Strategy*, Inc. v. Davis, 469 F.3d 284, 295-96 (2d Cir. 2006).

Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Hoffman v. Constr. Protective Services, Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008)

Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Hoffman, 541 F3d 1175, 1179.

Here although Mr. Keshavarz referred Mr. Samms to Guy Fairstein in December 2014, and Mr. Fairstein last billing entry is dated May 20, 2015, Mr. Keshavarz did not disclose the amount of Mr. Fairstein's bill until August 18, 2015. (See Fainstein's Bill, Genovesi Declaration

"Exhibit A") Not only was Mr. Faistein's bill calculable, but it comprised almost the entirety of Plaintiff's damages in this case.

Plaintiff violated the requirements of Rule 26 by not only failing to provide a computation of each category of damages claimed but also failing to make available for inspection and copying, the documents or other evidentiary material on which computation is based, *including materials bearing on the nature and extent of injuries suffered*. Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiff's first Rule 26 disclosure is dated May 5, 2015 and contains no computation of economic damages. (See Rule 26 Disclosure 1, Genovesi Declaration at "Exhibit B"). Plaintiff's second Rule 26 Disclosure is dated August 7, 2015 and also contains no computation of economic damages. (See Rule 26 Disclosure 2, Genovesi Declaration at "Exhibit C"). It was not until September 5, 2015, after amending his Rule 26 disclosure several more times, that Plaintiff finally amended his Rule 26 disclosure to include calculable damages. (See Rule 26 Disclosure 3, Genovesi Declaration at "Exhibit D"; See Rule 26 Disclosure 4, Genovesi Declaration at "Exhibit E"; See Rule 26 Disclosure 5, Genovesi Declaration at "Exhibit F").

Plaintiff's failure to timely provide any disclosures pursuant to Rule 26 frustrated the very purpose of Defendant's Offer of Judgment which was served on July 24, 2016 as was made based upon Defendant's guess at the amount of damages Plaintiff would claim. (See Exhibit I). Since Plaintiff was obligated to provide this information to Defendants even without a discovery request, this failure to provide a computation of damages should preclude Plaintiff from being awarded attorneys' fees or should result in a substantial diminution of any attorney's fee award. The practice of not providing known, calculable damages until late in discovery can easily be understood as a device to frustrate offers of judgment. Defendant had to guess at the amount of Plaintiff's calculable damages without the benefit of Mr. Fairstein's bill or the amount of money

Plaintiff claims he paid to go to court and guessed $6,001 plus statutory damages of $1,000. The jury's verdict of a few hundred dollars more than Defendant's offer of judgment which rewards Plaintiff for not complying with the Federal Rules.

> ### c. Plaintiff's attorney's work on this case has not precluded him from accepting other employment or from billing time on other existing cases

In his application Plaintiff's counsel recites that he has been precluded from accepting other employment or from billing on other existing matters. Notably Mr. Keshavarz worked with one associate who late in this litigation left and was replaced by another associate and has no support staff. Throughout this litigation, calls to Mr. Keshavarz' office were either answered by Mr. Keshavarz or went to voicemail. The billing records submitted by Plaintiff's counsel reflect no time expended by anyone other than Mr. Keshavarz. However, since filing this action Plaintiff's counsel has filed the following actions:

| | | | | | |
|---|---|---|---|---|---|
| Keshavarz, Ahmad (aty) | nysdce | 1:2015-cv-02741 | 480 | 04/08/2015 | |
| Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP | | | | | |
| Keshavarz, Ahmad (aty) | nysdce | 1:2015-cv-03524 | 480 | 05/05/2015 | 03/15/2016 |
| Arroyo v. JPMorgan Chase Bank, N.A. et al | | | | | |
| Keshavarz, Ahmad (aty) | nyedce | 1:2015-cv-03757 | 480 | 06/26/2015 | |
| Francis v. LVNV Funding LLC et al | | | | | |
| Keshavarz, Ahmad (aty) | nysdce | 1:2015-cv-05813 | 480 | 07/24/2015 | |
| Victor Callender V. Forster and Garbus, LLP | | | | | |
| Keshavarz, Ahmad (aty) | nyedce | 1:2015-cv-07795 | 480 | 10/01/2015 | 03/17/2016 |
| Mateo v. Mel S. Harris and Associates LLC et al | | | | | |
| Keshavarz, Ahmad (aty) | nyedce | 1:2015-cv-05854 | 480 | 10/11/2015 | |
| Young v. Portfolio Recovery Associates LLC | | | | | |
| Keshavarz, Ahmad (aty) | nysdce | 1:2015-cv-08232 | 480 | 10/19/2015 | 05/11/2016 |
| Sands v. Gutman, Mintz, Baker & Sonnenfeldt, P.C. | | | | | |
| Keshavarz, Ahmad (aty) | nysdce | 1:2015-cv-09388 | 480 | 11/30/2015 | |
| Arias v. Gutman Mintz Baker & Sonnenfeldt PC et al | | | | | |
| Keshavarz, Ahmad (aty) | nyedce | 1:2015-cv-07088 | 480 | 12/11/2015 | 03/17/2016 |
| Phillips v. LVNV Funding, LLC et al | | | | | |

| Keshavarz, Ahmad (aty) | nysdce | 1:2016-cv-00750 | 480 | 02/01/2016 |
|---|---|---|---|---|
| Dixon v. Stephen Einstein & Associates, P.C. | | | | |
| Keshavarz, Ahmad (aty) | nyedce | 1:2016-cv-01074 | 480 | 03/03/2016 |
| Martinez v. LVNV Funding LLC et al | | | | |
| Keshavarz, Ahmad (aty) | nysdce | 1:2016-cv-02134 | 480 | 03/22/2016 |
| Morales v. Kavulich & Associates, P.C. et al | | | | |
| Keshavarz, Ahmad (aty) | nyedce | 1:2016-cv-01627 | 480 | 04/02/2016 |
| Prage v. Kavulich & Associates, P.C. et al | | | | |
| Keshavarz, Ahmad (aty) | nysdce | 1:2016-cv-03499 | 480 | 05/10/2016 |
| Guzman et al v. Mel S Harris and Associates, LLC et al | | | | |

All of the foregoing actions involved Mr. Keshavarz's personal involvement, which demonstrates that Plaintiff's counsel was clearly not precluded from working on other cases during the course of this litigation.

### CONCLUSION

Wherefore, based upon the foregoing, Defendant respectfully that the fees Plaintiff's counsel has requested be denied entirely or, in the alternative, substantially reduced.

Dated:     June 1, 2016
            Lake Success, New York

Respectfully submitted,

ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA
& WOLF, LLP

By_____
    Anthony Genovesi, Esq.
    1111 Marcus Avenue
    Lake Success, New York 11042
    (516) 328-2300
    *Attorneys for Defendant*