# ABRAMS AF FENSTERMAN

## Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP

Attorneys at Law
1 Metro Tech Center, Suite 1704
Brooklyn, New York 11201
Telephone: (718) 215-5300
Fax: (718) 215-5304
www.abramslaw.com

Anthony J. Genovesi, Esq.
Partner

June 10, 2016

United States District Court,
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., 14B
New York, NY 10007-1312
Attn: Hon. Jed S. Rakoff

Re: Samms v. Abrams Fensterman
Docket#: 15-cv-02741 (JR)

Dear Judge Rakoff:

Defendant Abrams requested leave to file this sur-reply to plaintiff's application for attorneys' fees to highlight deficiencies in plaintiff's reply which merit an award of little to no attorney's fees to plaintiff.

First, the reply papers seek to justify the absence of billing records for either of his associates by asserting the exclusion of the fees was an exercise of billing judgment. The absence of the associates' billing records renders it impossible for the Court to assess the time expended and by whom. Further, Mr. Keshavarz's application constitutes his representation to the Court of all the time expended, not just certain attorneys time. Without the associates' time it is impossible to know whether unreasonable amounts of time were expended on certain matters or whether certain matters were billed for twice. While Mr. Keshavarz claims the omission was the product of "billing judgment to not request fees" it does not make sense that his associate kept time separately from Mr. Keshavarz or that Mr. Keshavarz was able to reach out to numerous attorneys to secure declarations but was unable obtain billing records from his former associate. It also does not make sense that Mr. Keshavarz factored his associates' time into the $220,000 demand made to Abrams on May 9, 2016. After removing the 46.5 hours for preparation of the fee application (which had not occurred as of May 9th) there exists approximately $40,000 of unaccounted for time. At an associate rate of $200 per hour that amounts to 200 hours of billable time that Mr. Keshavarz claims he just decided not to bill – or even mention. Mr. Keshavarz's explanation is even more incredible given the fact that this work constitutes virtually his entire practice and that he makes fee applications in every case.



As such, Mr. Keshavarz's insufficient application and his overall misconduct should preclude altogether, or at least drastically reduce, any award for attorneys' fees.

Respectfully Submitted,

s/
Anthony J. GenovesiAJG/SF